**MOTLEY et al. v. MIELSCH.**

No. 11813.

Court of Civil Appeals of Texas. Galveston.

Nov. 7, 1946.

Rehearing Denied Dec. 5, 1946.

Writ of Error Granted Jan. 29, 1947.

Vinson, Elkins, Weems & Francis and Nat Friedman, all of Houston, for appellants.

Buckley & Taylor, of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, E. D. Mielsch, for the recovery of certain overcharges alleged to have been made by appellants, G. H. Motley and Harry Edwards, in the purchase of an automobile, amounting to $3,322.23, and for attorney's fees in the sum of $500 under the provisions of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq.

Appellee alleged that he had purchased a Buick automobile from appellants for a consideration of $2,700, of which amount $1,656.25 had been paid by check and that the sum of $1,043.25 had been paid in cash and had been delivered to appellant, Harry Edwards, in person. Appellants in their answer admitted the purchase of the automobile by appellee, but denied that they had sold it for the amount claimed, or that they had violated an order or regulation of the Office of Price Administration. They denied specifically that appellee had paid the sum of $1,043.25 in cash and alleged that the sum of $1,656.25, which had been paid by check, was the only sum received by them as the purchase price for said automobile.

Appellants base their appeal on three main contentions: (1) Alleged misconduct of the jury based on statements made in the jury room by jurors to the effect that it was customary for secondhand dealers to charge more for automobiles than the ceiling price fixed by the Office of Price Administration; (2) the alleged error of the trial court in assuming on the trial that the ceiling ·price of the automobile in question was $1,590, when it was admitted to be the sum of $1,656.25; and (3) the court's failure to sustain appellants' objections to certain evidence alleged to contradict the written contract evidencing the sale of the automobile in question.

In answer to special issues submitted, the jury found in substance that appellants had received the sum of $1,043.25 in cash as part of the consideration for the purchase price of said automobile and that it had been purchased by appellee for the benefit and use of himself and his family. It was found that the acceptance of more than $1,590 by the appellants as the purchase price for said automobile was a wilful overcharge therefor and that it was the result of the failure to take practical precautions against the making of an overcharge therefor. The court rendered judgment in favor of appellee for the sum of $1,043.25 and for the sum of $500 attorney's fees, with interest and costs.

Appellants' contention that they were prejudiced by a purported statement of one juror that it was the custom of secondhand dealers to charge over the ceiling price for cars which were being offered to the public, cannot, we think, be sustained.

Rule 327, Texas Rules of Civil Procedure, provides that where the ground of a motion for new trial is misconduct of the jury, or that they received other testimony, the court shall hear evidence thereof from the jury and others and that he may grant a new trial if such misconduct is proved, or the testimony received, or the communications made, be material, and if it reasonably appears from the evidence, both on the hearing of the motion and the trial of the case, and from the record as a whole, that injury probably resulted to the complaining party.

█ It is the settled law, established by the Supreme Court of this state, that jurors have a right to use their common knowledge and experience in life in weighing the evidence before them and that if the opinions of experts as given in evidence do not comport with the jury's ideas of sound logic, the jurors have a right to say so.

In the case of Maryland Casualty ·Company v. Hearks, 190 S.W.2d 62, 64, the Supreme Court, speaking through Chief Justice Alexander in announcing the above rule, held that: "Otherwise there could not be a free discussion of the evidence in the jury room."

█ Under Rule 327, Texas Rules of Civil Procedure, regarding motions for new trial because of misconduct of the jury,

the party asserting misconduct of the jury has the burden not only of proving by a preponderance of evidence that such misconduct occurred, but also of showing that such misconduct probably resulted in injury to him. Barrington et al. v. Duncan et al., 140 Tex. 510, 169 S.W.2d 462; Stotts v. Love et al., Tex.Civ.App., 184 S.W.2d 308.

In this case the trial court, after a full hearing on the facts which were contended by appellants to constitute misconduct of the jury and which were fully developed by the appellants, found that appellants had not suffered injury as a result of the discussion of the matters not in evidence, and that for this reason the motion for a new trial should be refused.

As to appellants' contention that they had suffered injury on account of a discrepancy as to the true ceiling price of the automobile in question, we think error, if any, on the part of the court in this respect was cured by the answers of the jury to the special issues submitted to them.

The controlling issue presented in the case is, we think, the question as to whether appellee paid Harry Edwards, as agent for G. H. Motley, the sum of $1,043.25 in cash as a part of the purchase price of the automobile in question, and the jury having answered this question in the affirmative, the answer, we think, rendered the question as to whether the sum of $1,590 or the sum of $1,656.25 was the true ceiling price of the automobile in question immaterial, since appellants rely upon this denial that appellee had paid them in excess of $1,656.25 for said automobile.

The jury having found that appellee did pay the sum of $1,043.25 in cash and that the payment was a violation of the ceiling price, and the court having rendered judgment in that amount, the error of the trial court, if any, became immaterial.

Appellants' contention that the court erred in refusing to sustain objections to the testimony of E. D. Mielsch as to the contents of a purported written agreement between himself and appellant, G. H. Motley, cannot, we think, be sustained.

Appellee testified that he signed the papers pertaining to the purchase of said automobile in blank and turned them over to appellants. If this testimony is true, and the papers were later filled in over his signature, the true contract was the parol agreement between the parties as to the subject matter of the contract.

Our courts have uniformly held that where one entrusts to another the reducing of an oral agreement to writing, and where the one who was charged with the duty of reducing this contract to writing incorporates therein matters which have not been agreed upon, the other party to the contract is not charged with the contents thereof, and there is no obligation upon his part to carry out the terms thereof. Cooper Grocery Company v. Strange, Tex.Com.App., 18 S.W.2d 609; Buchanan v. Burnett, 102 Tex. 492, 119 S.W. 1141, 132 Am.St.Rep. 900.

The controlling question presented in the appeal is the question as to whether or not the appellants charged and collected from appellee a sum of money in excess of the ceiling price fixed by the Office of Price Administration. It is undisputed that appellee paid appellant the sum of $1,656.25 in the form of a check. Appellants deny that they received the payment of $1,043.25, claimed by appellee to have been paid in cash. Regardless of whether the ceiling price for the automobile was $1,656.25 or $1,590, the jury found that appellants did charge appellee in excess of either sum and the court rendered judgment in favor of appellee, not for three times the amount of excess sought by appellee and found to have been paid over and above the ceiling price, but for the sum of $1,043.25, the amount found by the jury to have been paid in cash in addition to the $1,656.25, and for attorney's fees provided for in Enforcement 925.

It follows from above conclusions that the judgment of the trial court must be in all things affirmed.