**MOTLEY et al. v. MIELSCH.**

**No. 11997.**

Court of Civil Appeals of Texas. Galveston.

Oct. 14, 1948.

Nat Friedman, of Houston, for appellants.

Jno. T. Buckley, of San Antonio, for appellee.

CODY, Justice.

This is the second appeal of this case. The former appeal is reported in Tex.Civ. App., 199 S.W.2d 552, and 145 Tex. 557, 200 S.W.2d 622.

This was an action brought by appellee under the Emergency Price Control Act, Title 50 U.S.C.A. War Appendix, § 925(e), against appellants who were second-hand automobile dealers, to recover statutory damages and penalties for the sale of a second-hand automobile for a price alleged by appellee to be $1043.75 in excess of the maximum or ceiling price. The ceiling price was $1656.25.

On the trial, a jury verdict was returned in favor of appellee on the three special issues submitted. Appellants. then moved for judgment notwithstanding. the verdict, but the. court rendered judgment on the verdict for appellee in the sum of $3100 plus $500 attorneys fees. The motion for new trial was .overruled and appellants here predicate their appeal upon four points which are substantially, that the court erred:

(1) In submitting the amount of the penalty to the determination of the jury by special issue No. 3 instead of exercising his own discretion in assessing such amount; in submitting said issue improperly, in that the jury were required to find the amount of the penalty from the preponderance of the evidence only and were not furnished any measure or guide for so assessing the penalty. Appellants further complain that said issue was submitted conditionally thereby informing the jury of the legal result of their answers to all the issues.

(2) In admitting in evidence a check drawn by appellee for $1000 payable to "cash," and to which appellants were in no manner parties, and which was cashed by appellee, because such admitted evidence was hearsay, self-serving and res inter alios acta.

(3) In requiring appellant, Motley, who was called as witness by appellee, to testify as to the applicable O. P. A. ceiling price.

(4) In refusing to hold that appellee was in no position to question the verity of the writings in the transaction wherein he represented that he had paid $1656.25 for the automobile, and the court further erred in admitting parol evidence to vary the written terms of said contract of sale as to the amount paid for the automobile.

The jury's findings on the first two special issues were: (1) That appellee paid to appellants $2700 for the automobile, (2) that appellee purchased the automobile from appellants for his private use and that of his family.

Special issue No. 3 was:

"What sum of money, if any, do you find from a preponderance of the evidence should be assessed against the defendants, G. H. Motley and Harry Edwards by way of penalty for such overcharge in excess of $1656.25, if you have so found, not to exceed three times the amount of such overcharge, if any?" To which special issue the jury answered "$3100.00."

Appellants duly excepted to the submission of special issue No. 3 just quoted on the ground that the statute here involved left the fixing of the amount of the penalty to the discretion of the court (i. e. the judge) and thereby excluded the fixing of the penalty by the jury. The question primarily presented by the record under appellants' first point is whether or not the court erred in not retaining for determination by his own discretion the fixing of the amount of the penalty. We find the point so presented a difficult one.

50 U.S.C.A. War Appendix, § 925(e) provides that in the case of a seller violating the order prescribing the maximum price, the seller shall be liable for attorneys fees as determined by the court, plus "(1) such amount not more than three times the amount of the overcharge or the overcharges, upon which the action is based *as the court in its discretion may determine, * * *.*" (Emphasis supplied.)

Appellants here insist that the statute is penal, and must be strictly construed. It is no doubt penal in the sense that it must be strictly construed, though it is of course remedial from the standpoint of appellee. But the fact that the statute must be strictly construed is of no aid in determining what such construction must be, and it certainly does not aid the construction that appellants contend for, namely, that Congress meant for the Judge to assess the penalty. Under our system, it is mandatory to try a case such as this to a jury if either side demands a jury. The reason back of this policy is, in case of quasi criminal cases and criminal cases, that it is more advantageous to the defendant to be left to the wisdom of the jury than to the conscience of the Judge. We have concluded that Congress, if it intended to deprive the defendant of the right to have the jury assess the amount of the penalty, where the trial is to a jury, would have used clear and unambiguous language. Congress certainly intended that State courts would try such cases, and knew that the practice in State courts was to leave the assessment of the penalty to the jury. So we hold that the court did not err in submitting it to the jury to determine the amount of the penalty.

In the cases of Shearer v. Porter, Adm'r, 8 Cir., 155 F.2d 77, and Bowles v. Goebel, 8 Cir., 151 F.2d 671, cited by appellants as authority for construing the statute as in-

tending to vest the discretion in the Judge, the question was not before the court for decision, and what the court there said was frankly dicta. In the other Federal cases cited by appellants, the court assumed that the statute placed the discretion in the judge, but the point was not raised for decision. The contrary assumption was made in the only case in Texas which has passed upon this portion of the statute. Martin v. Burcham, Tex.Civ.App., 203 S. W.2d 807, 811. The reason for such assumption on the part of Federal Courts is doubtless because under the Federal system, in criminal cases, the Judges assess the penalty, and so the contrary silent assumption in the Martin case may be explained on the ground that in State courts the jury assesses the penalties. In any case there has been no case prior to this one—that has been called to our attention—in which the point was squarely raised for judicial determination.

■ We have concluded that the court did err in not instructing the jury in some way so as to guide it in assessing the amount of the penalty. Assessing the amount of the penalty here is analogous, in every material respect, to awarding punitive or exemplary damages in cases where punitive damages apply. But appellants failed to submit any form of charge to the Judge which had the objective of guiding the jury in the exercise of their discretion under the statute to fix the penalty. So, we hold that the error is not a reversible one. We overrule appellants' first point.

■■ We also overrule appellants' second point. The court, over appellants' objection, admitted in evidence a check drawn by appellee on his account in the National Bank of Commerce in Houston for the sum of $1000 payable to cash, and dated on the date of the transaction. The check was certainly not admissible as being evidence in and of itself of the payment to appellants of the sum for which the check was drawn, and was subject to the objection that it was res inter alios acta, if it were tendered to show such payment. But appellee testified that appellant Edwards accompanied him to the bank, that he, appellee, drew the check in ques-

tion, and when he cashed it, that the bank gave him a thousand dollar bill; that he then rejoined Edwards at the Main Street entrance to the bank, and he and Edwards walked about two blocks away from the bank, and that he, appellee, then delivered the thousand dollar bill to Edwards, together with the forty some odd dollars that it took to make up the entire sum he testified that he paid for the automobile. But the evidence was admissible as a circumstance to show that appellee knew that he had paid the sum in question. It is not the province of the court to analyze evidence which is admissible for one purpose, and not admissible for other purposes, and on his own motion to limit the purpose for which it was admitted. See 17 Tex.Jur. 360, et seq. Had the appellants requested the court to limit the purpose for which the check was admitted, and requested that the jury be instructed that they could not consider it as constituting evidence of payment, but only as a circumstance offered by appellee in support of his version of the matter, the court would doubtless have so limited it.

■ We also overrule appellants' third point. Appellant Motley was called by appellee to testify. Appellee then qualified Motley as an expert on the application of correct O. P. A. prices on second hand automobiles. After Motley had testified that he remembered the second hand automobile he had sold to appellee, he was asked what was the proper O. P. A. ceiling price applicable thereto. Appellants then objected that the evidence called for was hearsay. The court overruled the objection. No doubt the register contained classifications of second hand automobiles, together with the means by which an expert could determine the correct price in question. But the register could not have stated what the correct ceiling price of this particular automobile was. The evidence called for was opinion evidence, and not vulnerable to the objection that it was hearsay.

We overrule appellants' fourth point. See Motley v. Mielsch, Tex.Civ.App., 199 S.W.2d 552, 554, overruled by the Supreme Court on other points.

The judgment is affirmed.