# PACIFIC FINANCE CORPORATION v. GILKERSON.

## No. 4531.

Court of Civil Appeals of Texas. Beaumont.

Nov. 5, 1948.

Rehearing Denied Feb. 9, 1949.

J. R. McDougald and Lefler, Walker & Walley, all of Beaumont, for appellant.

J. R. Beck, of Beaumont, for appellee.

MURRAY, Justice.

Otis Gilkerson, appellee, sued Pacific Finance Corporation, appellant, in the District Court of Jefferson County, Texas for the conversion of an automobile and tools. Pacific Finance Corporation answered, denying that Otis Gilkerson was the owner of the automobile in question, asserting its right to take possession of the automobile by virtue of its lien against it and further filed a cross-action against A. W. Gilkerson, alleging fraudulent representations on the part of A. W. Gilkerson, Otis Gilkerson and Weldon Webb in causing the title of the automobile to appear to belong to A. W. Gilkerson so that the Pacific Finance Corporation relied thereon to its detriment, and prayed for judgment over and against A. W. Gilkerson for any money recovered by Otis Gilkerson against the Pacific Finance Corporation. Upon the verdict of a jury the trial court rendered judgment in favor of appellee Otis Gilkerson against appellant Pacific Finance Corporation for the sum of $707.03 as actual damages and $1,000 exemplary damages. The trial court also rendered judgment in favor of the appellant Pacific Finance Corporation against A. W. Gilkerson on its cross-action for the sum of $707.03. Both Pacific Finance Corporation and A. W. Gilkerson have appealed from the judgment of the trial court.

In July 1942 Otis Gilkerson was a minor 19 years of age. He was working at the

time as a mechanic for The Lummus Company, doing pipefitting work. He was unmarried and living with his father, A. W. Gilkerson, at Amelia near Beaumont, Texas. Desiring to purchase an automobile he located one, a 1939 Hudson, at a used car lot belonging to Mid-City Motors in Beaumont and discussed its purchase there with one Weldon Webb. He was told that because of his minority the finance company which was expected to purchase the note and lien on the car would not deal with him but that it would be necessary for his father to execute the necessary papers with him. A. W. Gilkerson, the father, went to the used car lot and discussed the matter with Webb and his son Otis, and testified that he agreed to sign the papers with his son guaranteeing the payment of the debt. He testified, however, that it was understood by all three at that time that the car would in fact belong to his son Otis; that afterwards Otis signed such legal papers as were tendered to him by Weldon Webb in blank. Later, also, A. W. Gilkerson, the father, signed a number of instruments tendered him by Weldon Webb in blank. Otis Gilkerson was told he should make the payments on his car at the Pacific Finance Corporation in Beaumont. Title to the Hudson car at the time of the sale was in Weldon Webb. Webb executed a transfer and bill of sale to the car to Otis Gilkerson, the son. The instruments signed by A. W. Gilkerson, the father, consisted of an instrument called a "Statement of Transaction" which contained a statement signed by A. W. Gilkerson, describing the car and unpaid cash balance of $190 for the purchase price, plus a charge called "Time Price differential, including insurance premiums", amounting to $60.60. It was signed by A. W. Gilkerson as purchaser. He also signed an instrument called "Purchaser's Statement" in which he gave his name, race, age and various incidents about himself and income. There was also included in these instruments, signed by A. W. Gilkerson, a contract of conditional sale which named Mid-City Motors as a signatory and named A. W. Gilkerson as purchaser. On the reverse side was an assignment and repurchase agreement in which Mid-City Motors, Inc., by Weldon Webb was named the seller, which instrument, the conditional sales contract, and lien on the 1939 Hudson, was sold to Pacific Finance Corporation.

The assignment of title to the car by Weldon Webb to Otis Gilkerson was dated July 29, 1942 and the certificate of title issued to Otis Gilkerson, showed a lien in favor of Pacific Finance Co. in the sum of $250.80. The application for certificate of title in the name of Otis Gilkerson was filed with the Tax Collector of Jefferson County in Beaumont on July 31, 1942 and title certificate was issued to him by the State Highway Department under date of August 14, 1942. When Pacific Finance Corporation later discovered that the title certificate was issued to Otis it made some effort to have a new certificate issued showing the father, A. W. Gilkerson, to be the owner but was unsuccessful in its effort.

After this Otis Gilkerson himself went to the office of Pacific Finance Corporation each month for 4 months and made 4 payments, totaling $100. A short time after the sale was completed A. W. Gilkerson received through the mail a certificate of insurance on the automobile in which it was stated that A. W. Gilkerson was the owner of the car. He went to the office of the Pacific Finance Corporation and advised them that the car did not belong to him but to his son Otis. The Pacific Finance Corporation advised him that they did not know Otis in the deal, had not dealt with him and that as far as they were concerned A. W. Gilkerson was the owner of the car.

After making these four payments on the car, Otis Gilkerson, the son, was drafted into the Army of the United States and A. W. Gilkerson, the father, so advised the Pacific Finance Corporation. When Otis was drafted he did not make any further payments on the note and his father, A. W. Gilkerson, told an agent of the Pacific Finance Corporation that Otis was going into the army and he offered to store the car in his garage free of any charge until his son could return and continue the payments. To this the Pacific Finance Co. did not agree and announced it was going to repossess the car. The finance company was thereupon advised that if it did so when

Otis returned from the army he would sue them for damages for taking his car. The day after Otis left town and was inducted into the Armed Forces of the United States the automobile was repossessed under the power of repossession granted by A. W. Gilkerson in his conditional sales contract with Weldon Webb. At the time of the seizure a Mr. Kirkland in charge of such transactions for the Pacific Finance Corporation had personal knowledge of the provisions of the United States statutes as the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A.Appendix, § 501 et seq.

The car contained personal machinist tools belonging to Otis Gilkerson and these were seized by the Pacific Finance Corporation with the automobile.

Otis Gilkerson was discharged from the army in November, 1945 and in March, 1946 he filed this suit.

The jury by its verdict, in response to special issues submitted, found that the Pacific Finance Corporation took possession of the automobile in question on January 26, 1943; that Otis Gilkerson was the owner of the automobile at that time; that Pacific Finance Corporation knew when it took possession of the automobile that it belonged to Otis Gilkerson; that Pacific Finance Co. took possession of the automobile while Otis Gilkerson was a member of the Armed Forces of the United States; that when Pacific Finance Corporation took possession of the car, in the exercise of reasonable diligence, it could have ascertained that Otis Gilkerson was then serving in the Armed Forces of the United States; that Otis Gilkerson paid to Pacific Finance Corporation the sum of $100; that in the car at the time Pacific Finance Corporation took possession of it there was located machinist tools over and above those normally kept in an automobile and that those tools belonged to Otis Gilkerson, and that they were of the reasonable value of $100; that the cash market value of the car at that time was $600; that Pacific Finance Corporation in demanding possession of the car acted with malice toward Otis Gilkerson; that Pacific Finance Corporation should pay him exemplary damages in the sum of $1000; and that Pacific Finance

Corporation in the exercise of reasonable diligence could have ascertained when it purchased the conditional sales contract in question that Otis Gilkerson was claiming to be the owner of the automobile in question.

Without question Otis Gilkerson was a member of the Armed Forces of the United States on January 26, 1943, and as such was entitled to the benefits and protection of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended October 6, 1942, and in particular section 531, Title 50 United States Code Annotated, Appendix. If he was in fact the owner of the car in question at the time of its seizure on that date, the repossession of the car by Pacific Finance Corporation, without resorting to suit and judgment, was unlawful and the awarding of the judgment for damages for the conversion of his car would be warranted unless he was estopped to claim ownership of the car. It is necessary therefore first to determine the validity of his claim of ownership in order to determine the merits of the appeal of Pacific Finance Corporation.

■■ The mere fact of registration of the car in the name of Otis Gilkerson as the owner is not conclusive as to ownership. Such registration is only prima facie evidence of ownership and merely raises a presumption that he was the owner of the car at the time of registration. See Empire Gas & Fuel Co. v. Muegge, 135 Tex. 520, 143 S.W.2d 763. In that case it is pointed out in an opinion of the Commission of Appeals, which opinion was adopted by the Supreme Court, that such presumption may be rebutted. In Pioneer Mutual Compensation Co. v. Diaz, 142 Tex. 184, 177 S.W.2d 202 the Commission of Appeals in an opinion adopted by the Supreme Court again held that the registration of a motor vehicle in the name of one person merely raises the presumption of ownership, which was an administrative presumption which vanishes when positive evidence to the contrary is introduced, citing Empire Gas & Fuel Co. v. Muegge, supra. From these and the authorities cited in these cases it seems clear that such a presumption may also be supported by the evidence of the

true facts surrounding the purchase and ownership of a motor vehicle. In the instant case the jury had before it the testimony of Otis Gilkerson and of his father, A. W. Gilkerson, in regard to all the surrounding circumstances of the sale of the car by Weldon Webb and of the conversations and preliminary transactions with the Pacific Finance Corporation. The jury also had the un-explained execution by Weldon Webb, as the seller of the vehicle, of the transfer of title of the car to Otis Gilkerson, the minor son, and the fact of the payments made by Otis each month for 4 months out of his own earnings upon the note for the unpaid purchase price of the car. With such evidence and all the other evidence in the record before it we believe that the finding of the jury that Otis Gilkerson was the owner of the car at the time of its seizure finds adequate support in the evidence.

█ Appellant's first point is that "all of the evidence and appellee's own admissions conclusively prove that appellee was estopped to assert title to the automobile involved and the trial court erred in refusing to instruct the jury to return a verdict in favor of the appellant on the basis of such estoppel". The appellant Pacific Finance Corporation pleaded estoppel in its answer, especially pleading the contract of conditional sale between A. W. Gilkerson and Mid-City Motors, Inc., which was assigned by it to the Pacific Finance Corporation, under such circumstances as to render it a bona fide purchaser for value without notice of any claims of Otis Gilkerson to the automobile and to estop Otis Gilkerson from asserting that he was the owner of the automobile on January 26, 1943, the date the car was repossessed by virtue of the powers given in such contract of conditional sale. This point is overruled. Under the provisions of Rule 279, Texas Rules of Civil Procedure "Upon an appeal all independent grounds of recovery or of defense not conclusively established from the evidence and upon which no issue is given or requested shall be deemed as waived". No issue upon the question of estoppel was submitted by the court and none was requested thereon. The defense of estoppel as presented by Pacific Finance

Corporation was therefore waived unless it was conclusively established under the evidence. We do not believe that the evidence in this case established conclusively that Otis Gilkerson was estopped to claim ownership of the car. Unless there is present an intention or design to deceive it must be shown, to sustain a plea of estoppel, that a party was guilty of such negligence or indifference as will convict him. No such negligence or indifference on the part of Otis was established by the evidence. Before the Pacific Finance Corporation could successfully urge its defense of estoppel here it must have shown not only that it was ignorant of the true circumstances of the transfer of title to the car to Otis rather than A. W. Gilkerson, but it must also show that it was destitute of any convenient or available means of acquiring knowledge of the truth. Holland v. Blanchard, Tex.Civ.App., 262 S.W. 97. In view of the fact that the transfer of title to Otis and his application for certificate of title was filed with the Tax Collector of Jefferson County at Beaumont on July 31, 1942, it cannot be said that the Pacific Finance Corporation did not have convenient and available means of acquiring such knowledge. An examination of the public records in the office of the Tax Collector would have disclosed the information required as to claim of ownership of the car. The finance company could not rely implicitly upon the statements as to ownership of the car contained in the instruments signed by A. W. Gilkerson and by Weldon Webb. Apparently the finance corporation, so far as its rights against Otis are concerned, placed too high a degree of faith and reliance upon statements of A. W. Gilkerson and those of Weldon Webb contained in his assignment of the debt and chattel mortgage to it. No statement or action upon the part of Otis is shown in the record which might have mis-led Pacific Finance Corporation and caused it to believe to its harm that Otis was not claiming ownership of the car at the time of its seizure. It should have examined the public records in an effort to learn what those records disclosed.

█ Appellant's second point is "the undisputed admissible evidence conclusively proved A. W. Gilkerson to have been the

owner of the automobile as a matter of law, and to have executed the conditional sales contract of which appellant became the bona fide purchaser for value without notice of appellee's claims, and the trial court erred in submitting special issue No. 3, inquiring as to the ownership of the automobile at the time of its repossession, and in failing and refusing to instruct the jury to find for appellant". Under this point the appellant opens its argument by stating that appellee's sole ground for recovery was that during his minority appellant repossessed an automobile belonging to him under the terms and provisions of a conditional sales contract executed by his father in favor of the seller and effectively assigned to appellant. We believe this statement is incorrect in that it entirely omits that feature of appellee's asserted ground of recovery to the effect that he was a member of the Armed Forces of the United States at the time of seizure of his car without recourse being first had by the appellant to a suit in court and a judgment. The greater part of appellant's argument under this point is concerned with its argument that appellee Otis Gilkerson was not shown to be emancipated by his father and property which he acquired was in law the property of the father. The appellee Otis Gilkerson presents a vigorous objection to the consideration of the appellant's second point, urging that such point is not based nor germane to the grounds for a new trial contained in appellant's motion for a new trial in the trial court. We have examined the appellant's motion for a new trial in the light of appellee's objections to this point and note that no mention of the question of emancipation of Otis Gilkerson is made in any of the grounds set out in their motion for a new trial. Omitting the appellant's arguments relating to emancipation, the point is a restatement of its argument in its first point in regard to the ownership of the car. We do not believe that the point of error No. 2 is germane to its first, fourteenth and fifteenth assignments of error contained in its motion for a new trial and we sustain appellee's objection to our consideration to this point on an appeal. We have given consideration parenthetically to appellant's argument, however, and if

it were to be formally considered by us it would be overruled. We do not agree that the evidence conclusively proved that A. W. Gilkerson was the owner of the car because of absence of facts showing the emancipation of his son.

Appellant's third point complains of the action of the trial court in admitting in evidence testimony as to the value of the car. W. L. Fisher was the witness who testified as to the value of the car. Before he was allowed to give his opinion as to the value of the car the trial judge permitted an extensive voir dire examination as to his qualifications. After he had testified as to the value he was given a very thorough cross examination. In all his answers on these two examinations and his direct examination he exhibited some knowledge as to values and prices of used cars in Beaumont in 1943. Ordinarily the question of the qualifications of such a witness on the issue of value is largely within the discretion of the trial court and in this case we see no such deficiency in qualifications on the part of this witness which would require us to hold that the trial judge abused his discretion in permitting him to testify. The jury seems to have given the appellant benefit of any doubt in their minds as to the value since the witness testified the car was worth $1,000 and the jury found it was only worth $600.

Appellant's 4th point complains of the action of the trial court in admitting in evidence the testimony of Otis Gilkerson that the tools in his car at the time it was seized were of a reasonable market value of $100. It says that he had not shown himself qualified to testify as to such value. In its objection to appellee's qualifications so to testify, appellant pointed out to the trial court that the sole experience to which he had testified had been as to the purchase of presumably new tools. The trial court thereupon examined the witness himself and asked him whether he had bought or sold any used tools. The witness answered that he had not sold any, but he had bought some used tools and at the time a person could not buy some new tools. After this testimony the court overruled appellant's objection, and we believe it did so correct-

ly. No error is shown by this point and it is overruled.

Appellant's 5th point complains of the action of the trial court in permitting A. W. Gilkerson to testify that the automobile involved was not in fact his property but belonged to Otis Gilkerson, over the objection by appellant that witness was estopped by "his having executed a conditional sales contract as purchaser". In view of the fact that by all of the pleadings in the case, and by the testimony of Otis Gilkerson which preceded that of A. W. Gilkerson on trial, the conditional sales contract relied upon by appellant and the recitations therein were attacked by Otis Gilkerson as not setting forth the real agreement and contract of the parties, (Otis Gilkerson had pleaded that all such papers were signed in blank and erroneously filled in by Weldon Webb) we believe that under such circumstances the testimony as to the real agreement of the parties in contradiction of the recitations in the written instruments was admissible over the objections made by the appellant. Motley v. Mielsch, Tex.Civ.App., 199 S.W.2d 552.

Appellant's 6th point complains of the action of the trial court in submitting the issue to the jury as to whether appellant acted with malice toward appellee in repossessing the car, and also complains of the judgment for exemplary damages and contends that no evidence raised any issue of malice on the part of the appellant. Appellant's contentions in this regard will be sustained. Before the appellant here can be held liable for exemplary damages to the appellee the evidence must show that its agents acted in a state of mind so reckless of the rights of Otis Gilkerson as to show a determination to repossess the car regardless of any legal rights which Otis had, or to do so for the purpose of inflicting an injury on him. See Lusk v. Onstott, Tex. Civ.App., 178 S.W.2d 549. In this case at the time of the repossession of the car it must be conceded that there was some question as to the actual ownership of the car. That it was a question not easily decided is shown by the facts which we briefly recited in the first part of this opinion and that it was necessary to hold two trials in the Dis-trict Court before it could be legally ascertained that Otis Gilkerson was the owner of the car at that time. As pointed out in Security State Bank of Tahoka v. Spinnler, Tex.Civ.App., 78 S.W.2d 275, in any case where there is sufficient ground for an honest difference of opinion upon a given state of facts, especially where it concerns a hazy legal right, the sincere pursuance of a mistaken right by one of the parties cannot thereafter be made the basis of a claim for vindictive damage. In this case it is clear that Pacific Finance Corporation believed, erroneously we believe, that it was dealing only with Mid-City Motors and A. W. Gilkerson in the matter of the financing of this automobile purchase, and the repossession of the car upon default. It believed by making the father the one to execute the conditional sales contract it had protected itself from the contingency of having to deal with a minor purchaser. The holding in the case of Security State Bank of Tahoka v. Spinnler, supra, we believe is controlling in this matter and we believe that no evidence is present which would sustain assessment of exemplary damages.

A. W. Gilkerson has perfected his appeal from that part of the judgment against him in favor of Pacific Finance Corporation in the sum of $707.03. He presents 8 points, the first 6 of which complain of the judgment as being erroneous because the evidence fails to show any basis for judgment against him, because no issue was submitted to the jury on any theory of his liability to Pacific Finance Corporation and no such issue was requested. By its 7th point he pleads the two-year statute of limitation and by its 8th point he pleads the four-year statute of limitation. The Pacific Finance Corporation's pleading of a cause of action against A. W. Gilkerson was that on July 29, 1942 Otis Gilkerson, Weldon Webb and A. W. Gilkerson entered into a fraudulent scheme to deceive Pacific Finance Corporation by having A. W. Gilkerson appear to take title to the car and execute a note and conditional sales contract for the purchase thereof in order to induce it to purchase the note and the conditional sales contract and to rely on the credit of A. W. Gilkerson and upon his

ownership of the car, and that by reason of the "fraudulent and deceptive conduct" on the part of A. W. Gilkerson, Otis Gilkerson and Weldon Webb it was induced to purchase said note and conditional sales contract for a valuable consideration from Mid-City Motors, Inc., and to rely upon the credit of A. W. Gilkerson and his ownership of said automobile; he further pleaded that "in this connection it says that in the event Otis Gilkerson should recover any sum of money against it by reason of the alleged seizure and repossession of the automobile involved in this controversy it is entitled to recover over and against cross-defendant A. W. Gilkerson any and all sums so recovered by reason of the fraudulent and deceptive conduct on the part of said cross-defendant as hereinabove set forth." We are unable to understand how anything which A. W. Gilkerson said or signed would render him liable to Pacific Finance Corporation for whatever damage it caused Otis Gilkerson by wrongfully taking possession of his car while he was under the protection of the Soldiers' and Sailors' Relief Act as a member of the Armed Forces of the United States. Had the finance company brought its suit against A. W. Gilkerson for the loss of its debt, that is, the balance of $160.60 still unpaid on its note and alleged that because of the representations of Weldon Webb and A. W. Gilkerson it had purchased a note apparently secured by a chattel mortgage on the Hudson automobile, and that because of such representations and its reliance thereon it had been caused to lose its debt it would have been entitled to compensation for such loss caused. They could have sued A. W. Gilkerson for the balance due on its note but it did not do so. It asked for recovery against A. W. Gilkerson in the indefinite terms quoted above and the evidence, as contended by the appellant A. W. Gilkerson, does not show any ground for recovery by Pacific Finance Corporation against A. W. Gilkerson on the grounds alleged.

In view of our holding on the above points it becomes unnecessary to discuss this appellant's 7th and 8th points in regard to the two-year and four-year statutes of limitation.

That portion of the court's judgment which awards to Otis Gilkerson the sum of $707.03 with interest thereon from November 10, 1947 at the rate of 6% per annum against Pacific Finance Corporation is affirmed.

That portion of the judgment which awards to Otis Gilkerson the sum of $1,000 and against the appellant Pacific Finance Corporation is reversed and rendered in favor of appellant.

That portion of the judgment in which Pacific Finance Corporation was awarded the sum of $707.03 against the appellant A. W. Gilkerson is reversed and judgment here rendered that Pacific Finance Corporation take nothing by its suit against A. W. Gilkerson.

The costs of this appeal are taxed one-half against appellant Pacific Finance Corporation and one-half against appellee Otis Gilkerson. Appellant A. W. Gilkerson is awarded all his costs.

Affirmed in part and reversed and rendered in part.