## MOTOR FINANCE CO. OF TEXAS et al.
### v. ALLEN.
### No. 4798.

Court of Civil Appeals of Texas. Beaumont.
Oct. 23, 1952.

Rehearing Denied Dec. 3, 1952.

S. D. Bennett, J. S. Maida Jr., Beaumont, for appellant.

Walley & Robichau, Beaumont, for appellee.

PER CURIAM.

This is an appeal from a judgment in favor of appellee against appellants for $1,680 for actual and exemplary damages for the conversion by them of his automobile. Appellee owed some money to Motor Finance Company of Texas for the purchase price of his car. He owed two notes, one secured by a chattel mortgage, one unsecured. When the unsecured one was in default, appellants took possession of the car in the absence of appellee. The jury found that such taking amounted to conversion, and the proof supported the finding.

The trial court did not abuse its discretion in overruling appellants' motion for continuance. See Cain v. Farris, Tex. Civ.App., 212 S.W.2d 250. The application was defective under Rule 252, Texas Rules of Civil Procedure. No reversible error is shown in the trial court's permitting appellee to testify to the market value of his car. Pacific Finance Corp. v. Gilkerson, Tex.Civ.App., 217 S.W.2d 440. The trial court did not err in overruling motion for instructed verdict and motion for new trial, as the evidence supports the verdict that the taking of the car was without legal authority, and was malicious. There was sufficient evidence in the case to warrant submission to the jury of Special Issue No. 4, which inquired whether defendants below acted with malice.

Affirmed.