## CONTINENTAL COUNTY MUT. INS. CO. v. IVY.

### No. 4825.

Court of Civil Appeals of Texas. Beaumont.
March 19, 1953.

Rehearing Denied April 7, 1953.

S. M. Adams, Jr., Nacogdoches, for appellant.

Fulmer & Fairchild, Nacogdoches, for appellee.

PER CURIAM.

This is a suit upon an insurance policy issued by appellant, Continental County Mutual Insurance Company. The insurance policy was issued to appellee, Jesse Ivy, on March 14, 1950, and covered a 1942 Ford Coupe. The policy had a provision for collision or upset but provided that $50 should be deducted from any payment to the assured under this provision.

On August 9, 1950, Jesse Ivy's son took this car to the Territory of Alaska, U. S. A. On September 20, 1950, the said automobile was in a collision or upset in or close to Fairbanks, Alaska. The damage to said automobile was repaired in Alaska. Mr. Jesse Ivy went to Alaska upon hearing of said accident and some time after his return to Nacogdoches, notified appellant's local representative of the accident and loss. The appellant heard nothing more of the matter until the suit was filed by the appellee on April 4, 1951, and appellant was served with citation on April 6, 1951.

The case was tried before the court without a jury. The plaintiff went to trial on his First Amended Original Petition, which alleged and prayed for damages in the sum of $636. The trial court allowed a trial amendment for plaintiff, increasing said allegations and prayer for damages to $800. The trial court rendered judgment for plaintiff in the sum of $750, being $800 less $50 for deductible provision.

After its amended motion for new trial was overruled, the appellant perfected its appeal to this court for review.

In its first point the appellant complains of the action of the trial court in overruling its Special Exception to the appellee's First Amended Original Petition. The exception was directed to that portion of the petition which read "and the car was damaged thereby in the sum of $636," and to that portion which read "in the alternative plaintiff alleges that said automobile was a total loss, as a result of the overturning and upsetting of it and that immediately prior to the said accident it had a reasonable cash market value in and about the locality of Nacogdoches County, Texas of $636 and that immediately after said accident, it had no reasonable cash market value in said county." The objection to the first part of the pleading was that the pleading did not in any way apprise the appellant of the nature or measure of damages. We think this objection should have been sustained under the authority of Hodges v. Alford, Tex. Civ.App., 194 S.W.2d 293. The appellee says that if any error was committed in

overruling the exception to the first part of the petition it was harmless because his alternative pleading was as to the cash market value of the car immediately before and immediately after the accident. The real vice in the pleading as we see it is the allegation as to the cash market value of the car in Nacogdoches County, Texas, when the car, it was alleged, was damaged up in the Territory of Alaska. One measure of damages for injuries to or destruction of an automobile or other personal property is the reasonable cash market value of the article immediately before the injury or destruction and immediately afterward, at the place of injury. The authorities on this proposition are numerous and will be considered more fully under the appellant's third point. We believe the allegations in the pleading were defective as pointed out by the appellant's exceptions thereto and such exceptions should have been sustained.

The appellant's second point is that the court erred in not rendering judgment for it because there was no pleading or evidence before the court by which it could measure the damages of the appellee. Since this point is largely determined by our discussion of appellant's first and third points, we sustain it for the reasons given under Point 3.

Appellant's third point is that the court erred in not rendering judgment for it because there is no pleading or evidence before the court to enable it to measure the damages of appellee's car at the place of the collision or upset. The pleading of the appellee alleged the difference in the value of the car immediately before and immediately after the collision in Nacogdoches County, Texas. All of the proof as to the difference in value of the car immediately before and immediately after the accident was what such values were in Nacogdoches County, Texas and the evidence was that the car was damaged in Alaska and repaired in Alaska. The rule seems to be well settled in all of the cases which we have found in Texas that the measure of damages must be based upon the values before and after the accident

642

at the place where the injury occurred. Anderson v. Reichart, Tex.Civ.App., 116 S.W.2d 772; Higgins v. Standard Lloyds, Tex.Civ.App., 149 S.W.2d 143; Pasadena State Bank v. Isaac, 228 S.W.2d 127. Appellee argues that while this may be the general rule it should not be applied in this case because of the difficulty and inconvenience of making proof of the cash market value of his car before and after the accident and injury in Alaska. However, we see no way out of it for him. He can make proof by deposition. He also argues that when the appellee and appellant made their contract of insurance the parties no doubt contemplated the damage would be calculated on the value of the car in Nacogdoches County, Texas. We regard this as purely a flight into the realm of speculation. With the rule of law well established in Texas that the measure of damage would be based upon the value of the car before and after injury at the place of injury, it cannot be said that the parties did not contemplate that the car might be damaged in other parts of Texas or in any portion of the adjoining states to which the appellee was free to drive his car and that his indemnification for any loss or injury to his car would be based upon the rule of law then well established. Appellant's Point three is well taken and is sustained.

Appellant's fourth point complains of the error of the court in allowing the appellee to testify over its objection as to the value of the car. We find no merit in this point and overrule it with the simple observation that an ordinary layman who can testify that he knows the value of automobiles and can give satisfactory facts in support of his statement that he has such knowledge is ordinarily qualified to testify as to value of personal property.

Appellant's fifth and sixth points present no error and in view of our determination of the above questions it is not necessary to discuss them.

For the errors pointed out above, the judgment of the trial court is reversed and the cause is remanded for a new trial.