**CALVERT FIRE INS. CO.**

v.

**McCLINTIC.**

No. 3188.

Court of Civil Appeals of Texas.

Waco.

April 1, 1954.

Rehearing Denied May 6, 1954.

Biggers, Baker, Lloyd & Carver, Dallas, for appellant.

Bradley & Geren, Groesbeck, for appellee.

McDONALD, Chief Justice.

Appellee, as plaintiff, sued appellant Insurance Company on an automobile collision policy. Appellee, in May 1952, purchased a new Packard four-door sedan for $3,306 and at the same time purchased a policy of insurance insuring against collision, from appellant. On 30 November 1952 the car was in a collision in McLennan County. Appellee, who resides in Limestone County, brought suit on the policy in Limestone County alleging that the car was worth $2,995 prior to the loss and $100 after the loss, and prayed judgment for the difference, less $100 deductible, as damages.

Appellant answered pleading a provision of the policy which permitted the Insurance Company to repair a damaged vehicle if it were repairable, and alleged that the cost of repairs to the car was $1,493 and tendered same; and in the alternative, that the car was worth $2,000 prior to the collision and $428 after the collision.

Trial was to the Court without a jury, which found the car to be worth $2,995 before the collision and $400 after the collision, and rendered judgment for appellee for $2,495 (the difference in value before and after the collision less $100 deductible). The Trial Court filed Findings of Fact and Conclusions of Law.

Appellant Insurance Company appeals to this Court upon 3 Points: (1) That there was no competent evidence to support the Trial Court's finding that the value of the car before loss in McLennan County was $2,995. (2) That there was no competent evidence to support the Trial Court's finding that the car could not be repaired. (3) That the Court erred in finding that the appellee was entitled to interest from the date of loss.

In connection with appellant's 1st Point that there was no competent evidence to support the Trial Court's finding that the value of the car before loss in McLennan

County was $2,995, it is contended that the proof offered concerned the value of the car in Limestone County and not in Mc-Lennan County, and that the testimony offered was incompetent because the witnesses were not qualified.

An examination of the record reveals that the car sold for $3,306 six months prior to the collision; and that at the time of collision it had only 16,000 miles on it. Appellee testified that he was acquainted with the value of new and comparatively used Packards and that the market value of his car before it was damaged was $2,895 to $3,000 around *Waco*. The witness Pelham testified he had been in the business of repairing automobiles for 28 years and that he kept up with the price of automobiles in this vicinity generally; that he had worked on appellee's car just prior to the collision and such car was in perfect shape on 30 November 1952; that the reasonable cash market value of appellee's automobile in Limestone and *Mc-Lennan* Counties prior to the wreck was around $2,900 to $3,000.

■ It is our view that the evidence amply supports the finding of the Trial Court that the value of the car before loss in McLennan County was $2,995. The witnesses mentioned testified as to their opinion of value in *McLennan County* and what they placed that value at. The question of qualification of a witness on the issue of value is largely within the discretion of the Trial Court, and his ruling will not be disturbed unless it is clearly wrong. Pacific Finance Corp. v. Gilkerson, Tex.Civ.App., 217 S.W.2d 440; Western Cotton Oil Co. v. Mayes, Tex.Civ.App., 245 S.W.2d 280; Foley Bros. Dry Goods Co. v. Settegast, Tex.Civ.App., 133 S.W.2d 228. Moreover, one can testify as to the value of his own car. Any layman who can testify that he knows the value of automobiles and can give satisfactory facts in support of the statement that he has such knowledge is ordinarily qualified to testify. Motor Finance Co. of Texas v. Allen, Tex.Civ.App., 252 S.W.2d 1022; Continental County Mu-

tual Ins. Co. v. Ivy, Tex.Civ.App., 256 S.W.2d 640. See 19 Tex.Jur., Secs. 134, 146, 147, 148, 149.

■ Appellant's 2nd Point complains that there is no competent evidence to support the Trial Court's finding that the car could not be repaired. A review of the record reflects that appellee and the witnesses Berry and Pelham all testified that the car was not repairable. All were qualified to so testify. Pelham showed that he was fully qualified as an expert garageman.

■ We believe that the record is ample to sustain the Trial Court's finding that the car could not be repaired. See: Andrews v. Daniel, Tex.Civ.App., 240 S.W.2d 1018; Little Rock Furniture Mfg. Co. v. Dunn, Tex.Civ.App., 218 S.W.2d 527, affirmed 148 Tex. 197, 222 S.W.2d 985.

Appellant's 3rd Point complains that the Trial Court erred in finding that appellee was entitled to interest from 30 November 1952, the date of loss, because the policy, which is in evidence, provides that payment for loss may not be required, nor action lie against the Company, until 30 days after proof of loss is filed. Here proof of loss was filed on 18 April 1953, and Appellant contends that interest should not commence to run until 18 May 1953.

■ Appellee in his original and in his 1st amended petition prayed for judgment —together with interest from 30 November 1952, the date of loss. Appellant failed to plead in any manner this relatively small matter, or otherwise bring it to the attention of the Trial Court prior to the entry of judgment, or at any other time thereafter; and raises the matter for the first time on this appeal. We therefore treat it as having been waived. See: Rules 90 and 94, Texas Rules of Civil Procedure; American Nat. Ins. Co. v. Fox, Tex.Civ.App., 184 S.W.2d 937 (W/E Ref. W.M.).

Accordingly all of the appellant's Points are overruled, and the judgment of the Trial Court is in all things affirmed.