James A. GUEST, Appellant,

v.

Randolph WHITE, et ux., Appellees.

No. 4191.

Court of Civil Appeals of Texas.

Waco.

Dec. 30, 1963.

Rehearing Denied Jan. 23, 1964.

Naman, Howell, Smith & Chase, Waco, for appellant.

Bradley & Geren, Carl Cannon, Groesbeck, Bowlen Bond, Teague, for appellees.

McDONALD, Chief Justice.

This is a suit for personal injuries and damages to automobile, brought by plaintiffs White against defendant Guest, resulting from a collision between the plaintiffs' automobile driven by Mrs. White, and the defendant's truck, driven by James Hartley. Trial was before the court without a jury which, after hearing, rendered judgment for plaintiffs for $2,356.95. Findings of Fact and Conclusions of Law filed by the Trial Court, are summarized as follows:

## FINDINGS OF FACT

1) On 17 March, 1962, plaintiffs' automobile, driven by Corine White, collided with defendant's truck, driven by James Hartley, in the City of Mexia, in Limestone County, on U.S. Highway 84.

2) On said occasion the truck driver, Hartley, failed to keep a proper lookout to the rear.

3) Truck driver Hartley on said occasion failed to give a suitable signal of his intention to turn his truck to the left so that same was visible to one traveling to the rear of his truck.

4) Hartley was guilty of negligence in bringing his vehicle to a stop on the highway in violation of law.

5) Each of the above acts of negligence was a proximate cause of injury and damage suffered by plaintiffs.

6) The collision was not the result of an unavoidable accident.

7) Plaintiff Corine White was guilty of no act of negligence.

8) Plaintiffs' damages were as follows:

a) Automobile          450.00
b) Hospital           265.95
c) Loss of service as housewife   150.00
d) Injuries, pain and suffering
    to date of trial and in future 1500.00

          Total      $2,356.95

## CONCLUSIONS OF LAW

Defendant's driver was guilty of acts of negligence which were a proximate cause of the damages and injuries suffered by plaintiffs, and that by reason thereof plaintiffs are entitled to recover their damages as above set out.

Defendants appeals, contending:

1) There is no evidence to sustain the finding of $450.00 damages to plaintiffs' automobile.

2) There is no evidence, or insufficient evidence, to sustain damages for future pain and suffering.

3) There is no evidence, or insufficient evidence, that plaintiffs' hospital charges of $265.95 was reasonable and necessary.

4) There is no evidence that defendant's driver, Hartley, failed to keep a proper lookout to the rear (and such finding is against the great weight and preponderance of the evidence).

5) The finding that defendant's driver Hartley failed to give a signal of intention to turn to the left is against the great weight and preponderance of the evidence.

6) There is no evidence that defendant's driver Hartley was negligent in bringing his vehicle to a stop on the highway (and such finding is against the great weight and preponderance of the evidence).

■ We revert to defendant's contentions 1), 2), and 3). The trial court fixed plaintiffs' automobile damages at $450; hospital bill at $265.95; and "injuries, pain and suffering to the date of trial and in the future", at $1500. Plaintiff testified he owned his automobile; that he knew the reasonable market value of same immediately before the collision in Limestone or Freestone County to be $500; and that after the collision it was worth about $50. He further testified he was paid $400. for the car by his insurance company; and that he had a $100. deductible policy on the car.

Moreover, the record contains pictures of the damaged vehicle reflecting total or near total loss. We think the evidence amply sustains the court's finding. See Calvert Fire Ins. Co. v. McClintic, CCA (n. r. e.), 267 S.W.2d 568.

The Trial Court fixed $1500. damages for plaintiff's pain and suffering to the date of trial and in the future. The record reflects plaintiff had a laceration on each knee, on her left arm, and that her mouth was cut; that her right ankle was injured and a bone broken in her chest; that she had a cast on her ankle; that she suffered pains in her ankle, neck and shoulders; that she still suffered pain in her ankle, neck and shoulder at the date of trial; and was still under treatment of the doctor at the date of trial. We think the evidence ample to sustain the finding of $1500. damages for pain and suffering to date of trial and in the future. See: Coca Cola Bottling Co. of Fort Worth v. McAlister, CCA (n. w. h.) 256 S.W.2d 654.

As to the hospital bill of $265.95, the witness Mrs. Terry testified that she was insurance record clerk at the hospital; and that such charges were reasonable, and that she had made the entries on the record. Dr. Buchmeyer, one of the attending physicians, testified that the medical treatments and hospitalization were necessary.

Defendant's contentions 1, 2 and 3 are overruled.

Defendant's contentions 4, 5 and 6 assert there is either no evidence or insufficient evidence to sustain the Trial Court's findings that defendant's driver, Hartley, failed to keep a proper lookout; failed to give a signal of intent to turn left; and negligently stopped on the highway.

The record reflects that plaintiff was driving behind defendant's truck. Plaintiff testified that when she saw the road ahead was clear, she started to go around defendant, sounded her horn and pulled over on the left side; that after she started around, defendant's driver attempted to make a left turn in front of her, without giving any signal; and thereafter stopped. The collision ensued. The Trial Court evidently believed the foregoing. We think the evidence sufficient to sustain the findings complained of. Contentions 4, 5, and 6 are overruled.

The judgment of the Trial Court is affirmed.