EMMCO INSURANCE COMPANY,
Appellant,

v.

Bob WATERS, Appellee.

No. 271.

Court of Civil Appeals of Texas.

Tyler.

March 16, 1967.

Rehearing Denied April 13, 1967.

Spruiell, Lowry, Potter, Lasater & Guinn, John Minton, Tyler, for appellant.

Ben E. Jarvis, Tyler, for appellee.

SELLERS, Justice.

Bob Waters, appellee, brought this suit in the District Court of Smith County against Emmco Insurance Company, appellant, to recover on a policy of insurance covering a certain International truck which had been wrecked. The trial was to a jury and all issues submitted to the jury were answered in favor of appellee, Bob Waters. The trial court, upon the jury's verdict, entered judgment for appellee in the sum of $2,150.00 with interest from date of judgment at six percent per annum. From this judgment, the appellant has duly prosecuted this appeal.

Appellant's first points of error are to the effect that the trial court committed error in admitting the testimony of Carl E. Rogers as to the value of the International truck, both before and after the wreck, since he was not qualified to give such evidence.

Mr. Rogers testified that he had been in the International truck sales business for many years, having been in business here in Tyler for about twelve years immediately prior to the time of the trial. Prior to that time, he had owned dealerships in International trucks in Graham, Texas; Mt. Pleasant, Texas; and Kilgore, Texas; that he had never handled any other trucks but Internationals; that he made sales here in Tyler to people from many sections of the country, including Louisiana and as far away as Nevada; that he kept up with the price of International trucks, both new and second-hand, with information from the manufacturer of the trucks; that he sold the truck involved when it was new, then purchased it back and sold it as a second-hand truck to appellee; that he had occasion to see the truck just a few days before the accident; that the truck was worth on the market at the time it was wrecked in Hammond, Louisiana, the sum of $2200–$2500. He further testified that he had heard the testimony of the witness who described the condition of the truck after the wreck, and in his opinion, the truck was worth $150–$200.

This witness was cross-examined at length about his qualifications to testify as an expert on the value of this truck. This Court has carefully considered all of the evidence given by the witness and we are of the opinion that we cannot say that the Court abused its discretion in admitting his testimony. Volume 19, T.J., Sections 147, 148, and 149.

A case very similar to the one under consideration is Calvert Fire Ins. Co. v. McClintic, Tex.Civ.App., 267 S.W.2d 568, by the Waco Court (opinion by Chief Justice McDonald) in which it is held:

"It is our view that the evidence amply supports the finding of the Trial Court that the value of the car before loss in McLennan County was $2,995. The witnesses mentioned testified as to their opinion of value in McLennan County and what they placed that value at. The question of qualification of a witness on the issue of value is largely within the discretion of the Trial Court, and his ruling will not be disturbed unless it is clearly wrong. Pacific Finance Corp. v. Gilkerson, Tex.Civ.App., 217 S.W.2d 440; Western Cotton Oil Co. v. Mayes, Tex.Civ.App., 245 S.W.2d 280; Foley Bros. Dry Goods Co. v. Settegast, Tex.Civ.App., 133 S.W.2d 228. Moreover, one can testify as to the value of his own car. Any layman who can testify that he knows the value of automobiles and can give satisfactory facts in support of the statement that he has such knowledge is ordinarily qualified to testify. Motor Finance Co. of Texas v. Allen, Tex.Civ.App., 252 S.W.2d 1022; Continental County Mutual Ins. Co. v. Ivy, Tex.Civ.App., 256 S.W.2d 640. See 19 Tex.Jur., Secs. 134, 146, 147, 148, 149."

It is our opinion that the trial court did not err in admitting the evidence complained of.

Appellant's policy of insurance on this truck contains the following exclusionary provision:

"In consideration of the premium at which this policy is issued, it is warranted by the insured that no regular or frequent trips of commercial vehicles described in such policy are or will be made during the policy period to any location beyond a 150 mile radius from the limits of the City or town of principal garaging of such vehicles."

It is contended by appellant that appellee violated this clause by making trips beyond the 150-mile limit, and that the court erred in its definition of the word "regular" in its charge to the jury.

In connection with the issue as to whether the appellee made "regular" or "frequent" trips beyond the 150-mile limit, the jury answered that he did not. Without discussing the definition given by the court of the word "regular," this court is of the opinion that appellant has failed to offer evidence that would show a violation of this provi-

sion of the insurance contract. The evidence shows that at the time the policy was issued, the truck was under lease to H. D. Laughlin and Sons of Forth Worth, Texas, and a copy of the lease was on file with the Railroad Commission of Texas; that while under this lease to H. D. Laughlin and Sons, this truck made seven trips to points beyond the 150-mile limit. All the other use of this truck was confined by appellee to his farming operations within the 150-mile limit except one trip by appellant to Houston, Texas, and return, to pick up machinery which he sold in Alabama, and he was on the way to Alabama when the truck was wrecked at Hammond, Louisiana, or near there. The policy was in effect for about nine months. At all other times, the truck was used by appellee in his farming business within the 150-mile limit of Whitehouse, Texas, the home of appellant.

■■ It was the burden of appellant to prove that the truck was used on "regular" and "frequent" trips beyond the 150-mile limit and we are of the opinion that eight trips beyond the 150-mile limit in the nine months the policy was in effect was not sufficient as a matter of law to defeat appellee's right of recovery. Bandy v. East & West Ins. Co., Mo.App., 163 S.W.2d 350. This case is much stronger on the facts than the case under consideration, and the court upheld the right of the truck owner to recover.

■ There is another reason why we think the appellant has failed to establish its right to defeat the insurance under the above clause. This policy had another provision excluding recovery, as follows:

"This policy does not apply:

" * * *
"(b) under any of the coverages, if the automobile is or at any time becomes subject to any bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance not specifically declared and described in this policy; * *"

In view of this provision, the appellant would not have been liable for the loss incurred, had the accident happened on either of the seven trips made by the truck while it was under lease to Laughlin and Sons, and in our opinion those trips should not be included in arriving at the question of whether appellee used his truck on "regular" and "frequent" trips beyond the 150-mile limit.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.