**Frances JACKSON, Appellant,**

v.

**HOUSTON INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 14–98–00437–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 10, 1999.

Laurence W. Watts, Houston, for appellant.

Myra S. Schexnayder, Houston, for appellee.

Panel consists of Chief Justice MURPHY and Justices ANDERSON and HUDSON.

## OPINION

PAUL C. MURPHY, Chief Justice.

This is an appeal from the rendition of summary judgment in favor of appellee, Houston Independent School District (HISD). Appellant, Frances Jackson (Jackson), filed suit against HISD alleging violations of her due process rights under the Texas Constitution, and seeking injunctive relief in the form of back pay. Jackson further sought a declaration under the Texas Uniform Declaratory Judgment Act that her constitutional rights had been violated and that she was entitled to back pay. HISD filed a general denial and asserted two counterclaims to which Jackson responded and filed an amended petition. HISD subsequently moved for summary judgment seeking dismissal of Jackson's claims in their entirety, and the trial court granted its motion. On appeal, Jackson contends the trial court erred in granting HISD's motion because issues of fact exist precluding summary judgment. We affirm.

## Background

Jackson was employed in various capacities by HISD for 34 years before retiring in August 1996. From 1982 until 1995, Jackson held the title of Director of Community Services, and was responsible for administering, directing, and coordinating a division of educational services for HISD homebound students, which includes pregnant teenagers and students in hospitals, as well as student agency programs throughout Houston. When Jackson assumed the position of director, HISD administration determined the position would be paid on the same salary scale as a "small school" principal. Over the years, Jackson repeatedly requested her position be reclassified as Principal of Community Services, and that her pay grade be adjusted to that of a large school principal based upon the number of employees she supervised. Her request was denied, however, on the grounds that she did not have the day-to-day managerial responsibilities of administering a campus facility; rather, it was determined that the administrative duties attendant to the Community Services program were comparable to those of an elementary school.

Jackson continued to request that her position be reclassified and, in 1995, she was prospectively given the title of Principal of Community Services. Her pay grade was also adjusted to that of a large school principal. However, this corrective action was taken for the 1995–96 year only. Jackson alleged in the trial court below that she was entitled to back pay from 1982 until her salary was adjusted in 1995 because she was compensated at an improper rate during that period.

## Standard of Review

Summary judgment is proper when a movant establishes there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985). In deciding whether there is a disputed material fact issue which precludes summary judgment, proof favorable to the nonmovant will be taken as true. *See Nixon,* 690 S.W.2d at 548–49. Furthermore, we must indulge every reasonable inference in favor of the nonmovant. *See Randall's Food Mkts., Inc.,* 891 S.W.2d at 644.

A judgment of a trial court cannot be affirmed on any grounds not specifically presented in the motion for summary judgment. *See Travis v. City of Mesquite,* 830 S.W.2d 94, 100 (Tex.1992). Where a trial court enters a summary judgment order that does not specify the particular ground on which it is based, the appealing party must show that each independent argument alleged is insufficient to support the trial court's order. *See Carlisle v. Philip Morris, Inc.,* 805 S.W.2d 498, 518 (Tex. App.—Austin 1991, writ denied).

## Discussion

■ In her first point of error, Jackson contends the trial court erred in granting summary judgment in favor of HISD because issues of fact exist precluding summary judgment. Specifically, Jackson avers HISD failed to prove as a matter of law that she did not establish a protectible property interest.

■ As a preliminary matter, we address Jackson's claim that HISD "wrongfully used the 'no evidence' motion" under Texas Rule of Civil Procedure 166a(i) by shifting the burden of proof to her. The language of the rule distinctly permits a party to move for summary judgment "on the ground that there is no evidence of one or more essential elements of a claim ... on which an adverse party would have the burden of proof at trial." Tex.R. Civ. P. 166a(i). It is clear that Jackson would have the burden of proving at trial that she had a protectible property interest. As the trial court found she had presented no evidence of such an interest, it did not err in granting summary judgment in favor of HISD on this ground.

Jackson contends that she did, in fact, establish a protectible property interest under the due process clause of the Texas Constitution. She asserts her entitlement to this property interest was created by: (1) a memorandum from HISD Superintendent Rod Paige; (2) HISD salary manuals outlining the compensation levels for principals of large schools; (3) several letters of recommendation from colleagues suggesting she be compensated at a higher rate; and (4) various other memoranda.

■ The Texas Constitution provides that no person "shall be deprived of ... property ... except by the due course of the law of the land." Tex. Const. art. I, § 19. A constitutionally protected property interest is defined as an "individual entitlement grounded in state law, which cannot be removed except 'for cause'." *Grounds v. Tolar Indep. Sch. Dist.,* 856 S.W.2d 417, 418 (Tex.1993) (quoting *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 430, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982)). Contrary to Jackson's assertion, the documents enumerated above do not constitute "state law," and therefore do not create a constitutionally protected property interest

in a "correct" salary. Rather, Jackson had, at most, an expectation of a higher salary.

Superintendent Paige's memo specifically states that "[t]his administration has already taken corrective action in Ms. Jackson's case for the current year only. I cannot approve Ms. Jackson's request for retroactive action based on the decisions made by prior HISD superintendents." Likewise, the salary manual to which Jackson refers did not create an entitlement to any particular salary; instead, it simply lists the different compensation rates for positions within the district. Additionally, the letters of recommendation suggesting Jackson be compensated at a higher rate were precisely that—recommendations—and, as such, did not have to be accepted by the HISD Board of Education. We therefore find HISD did not deprive Jackson of a protectible property interest under the due process clause of the Texas Constitution.

■ Jackson next contends the trial court erred in rendering summary judgment in favor of HISD based upon its argument that she is seeking monetary damages, in the form of back pay, which are not recoverable under the Texas Constitution. Instead, she asserts the back pay is a form of injunctive relief to which she is entitled because she was denied her "constitutionally guaranteed property interest" in a "correct" salary.

However, as we concluded above, Jackson was not deprived of a protectible property interest. Furthermore, although couched in terms of "injunctive relief" in her brief, a claim for back pay constitutes a claim for damages under Texas law and, as such, is not recoverable under the Constitution. In *City of Beaumont v. Bouil-*

*lion,* 896 S.W.2d 143 (Tex.1995), the Texas Supreme Court held there is no right of action for damages arising under the free speech and free assembly provisions of the Texas Constitution. *See id.* at 147. Other courts have subsequently concluded that the holding in *Bouillion* is not limited to the specific provisions at issue in that case. *See Favero v. Huntsville Indep.. Sch. Dist.,* 939 F.Supp. 1281, 1296 (S.D.Tex.1996) *aff'd,* 110 F.3d 793 (5th Cir.1997) (citing *Vincent v. West Texas State Univ.,* 895 S.W.2d 469, 475 (Tex.App.—Amarillo 1995, no writ)). In *O'Bryant v. City of Midland,* 949 S.W.2d 406 (Tex.App.—Austin 1997, writ granted),[1] several police officers sued the City and sought, among other remedies, back pay based upon alleged violations of their rights under the Texas Constitution. *See id.* at 413. In affirming the judgment below, the appeals court held the officers' request for back pay was clearly an action for monetary relief which had been specifically declared unauthorized in *Bouillion. See id.* at 414. In *City of Alamo v. Montes,* 904 S.W.2d 727 (Tex. App.—Corpus Christi 1995), *vacated as moot,* 934 S.W.2d 85 (Tex.1996),[2] a city secretary sued the City, among others, on the grounds of wrongful termination under several provisions of the Texas Constitution and Texas statutes. *See id.* at 729–30. The trial court granted the plaintiff's request for a temporary injunction, reinstated her, and awarded actual and punitive damages. *See id.* at 730. The court of appeals subsequently reversed the trial court's judgment awarding actual and punitive damages, and rendered judgment that the appellee take no monetary damages. *See id.* at 729. Citing *Bouillion,* the court emphasized that "[t]here is no cognizable civil action for non-equitable re-

**1.** The Texas Supreme Court granted the petition for review on the sole issue of whether *City of Beaumont v. Bouillion* permits reinstatement as a form of equitable remedy for a state constitutional violation. *See* 41 Tex. Sup.Ct. J. 514–15(March 14, 1998).

**2.** The Texas Supreme Court initially granted writ to determine only whether the court of

appeals erred in affirming an injunction requiring the City of Alamo to reinstate Montes to her position as City Secretary. As Montes subsequently resigned from this position, the court concluded the case was thereby rendered moot.

lief for wrongful termination under the Texas Constitution, and Montes is not entitled to any *monetary damages* from the City . . . ." *Id.* at 732. In light of the foregoing authority, we find Jackson's request for back pay to constitute a claim for damages, and thus, not recoverable under the Texas Constitution.

▇▇▇ Jackson also appears to argue she is entitled to an award of back pay as a form of equitable relief under the doctrine of *quantum meruit* and by means of a constructive trust. These contentions are without merit. First, we note that *quantum meruit* is an equitable remedy to which a party is entitled *only* in the absence of an express contract covering the services or materials furnished. *See Vortt Exploration Co. v. Chevron U.S.A., Inc.,* 787 S.W.2d 942, 944 (Tex.1990); *Herbert v. Greater Gulf Coast Enters.,* 915 S.W.2d 866, 872 (Tex.App.—Houston [1ˢᵗ Dist.] 1995, no writ). In the present case, it is clear that Jackson's employment history with HISD was governed by a series of contracts. Thus, Jackson may not avail herself of equitable relief under the doctrine of *quantum meruit.* Second, a court will impose a constructive trust *only* where either actual or constructive fraud exists. *See Exploration Co. v. Vega Oil & Gas Co.,* 843 S.W.2d 123, 127 (Tex.App.—Houston [14ᵗʰ Dist.] 1992, writ denied). In the absence of any fraud allegations in her petition, Jackson may not now seek recovery upon this basis.

▇▇▇ Jackson next contends the trial court erred in granting summary judgment in favor of HISD based upon its argument that she failed to exhaust her administrative remedies prior to filing suit.

▇▇▇ In order to challenge the actions of a public school district, a party must first exhaust her administrative remedies prior to seeking a judicial remedy. *See Tex. Educ. Agency v. Cypress–Fairbanks Indep. Sch. Dist.,* 830 S.W.2d 88, 90 (Tex.1992); *Mercedes Indep. Sch. Dist. v. Munoz,* 941 S.W.2d 215, 217 (Tex.App.— Corpus Christi 1996, writ denied). The administrative review process by which a public school employee must first avail herself before seeking judicial review is set forth in the Texas Education Code, which provides as follows:

> [e]xcept in cases of student disciplinary actions . . . , persons having any matter of dispute among them arising under the school laws of Texas or any person aggrieved . . . by actions or decisions of any board of trustees or board of education may appeal in writing to the commissioner of education, who, after due notice to the parties interested, shall hold a hearing and render a decision without cost to the parties involved, but nothing contained in this section shall deprive any party of any legal remedy.

TEX. EDUC.CODE ANN. § 11.13(a).³ However, immediate access to Texas courts is permitted without exhausting administrative remedies when: (1) the exhaustion of administrative remedies will cause irreparable injury or administrative remedies are inadequate; (2) an administrative agency acts without authority; or (3) a plaintiff raises Title 42 or constitutional claims. *See Jones v. Dallas Indep. Sch. Dist.,* 872 S.W.2d 294, 296 (Tex.App.—Dallas 1994, writ denied).

Jackson's claim does not fall under the first exception to the exhaustion requirement because she asserts only economic harm in her suit. Economic harm has been held inadequate to demonstrate irreparable injury.⁴ *See Gibson v. Waco Indep. Sch. Dist.,* 971 S.W.2d 199, 203

---

**3.** The former Texas Education Code was repealed in 1995, but the savings provision accompanying the legislation specifically provides that actions taken by school boards before January 1, 1996, are governed by the law as it existed prior to the adoption of the new Code. *See* Act of May 30, 1995, 74ᵗʰ Leg., R.S., ch. 260, § 60, 1995 Tex. Gen. Laws 2207, 2499.

**4.** Jackson did not allege in the proceedings below that HISD's administrative remedies were inadequate.

(Tex.App.—Waco 1998, no pet. h.); *Mitchison v. Houston Indep. Sch. Dist.*, 803 S.W.2d 769, 773 (Tex.App.—Houston [14th Dist.] 1991, writ denied). The second exception is equally inapplicable to Jackson's claim because HISD acted within the bounds of its statutory authority. HISD was entitled to compensate Jackson at the level deemed appropriate for her position. Furthermore, Jackson did not allege that HISD exceeded its authority in determining the proper pay scale for her. Lastly, her claim does not fall under the third exception to the administrative exhaustion requirement. This exception allows an employee who asserts a federal constitutional claim to bypass the administrative process. *See Janik v. Lamar Consol. Indep. Sch. Dist.*, 961 S.W.2d 322, 323–24 (Tex.App.—Houston [1st Dist.] 1997, writ denied); *Hicks v. Lamar Consol. Indep. Sch. Dist.*, 943 S.W.2d 540, 542–43 (Tex. App.—Eastland 1997, no writ); *Washington v. Fort Bend Indep. Sch. Dist.*, 892 S.W.2d 156, 158–59 (Tex.App.—Houston [14th Dist.] 1994, writ denied). Jackson's claim, however, is one arising under the due process clause of the Texas Constitution, and is therefore not exempt from the exhaustion requirement. Because we find Jackson failed to exhaust her administrative remedies prior to filing suit, and in the absence of any applicable exception, the trial court did not err in granting summary judgment in HISD's favor upon this ground.

Jackson also contends HISD was not entitled to summary judgment based upon its argument that her claims are barred by the statute of limitations.

■■■ The statute of limitations for a substantive due process claim brought under the Texas Constitution is two years. *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.003(a) (Vernon 1996); *Bowles v. Clipp*, 920 S.W.2d 752, 760 (Tex.App.—Dallas 1996, writ denied). Jackson filed suit on August 30, 1996, and claimed she was entitled to back pay for the sixteen years during which she was allegedly improperly compensated. Her claims therefore originated from events that occurred prior to August 30, 1994, and thus, were barred by the statute of limitations. We find the trial court did not err in rendering summary judgment in favor of HISD on this ground. Jackson's first point of error is overruled.

■■■ In her second point of error, Jackson claims the trial court erred in granting summary judgment to HISD on her claim under the Texas Uniform Declaratory Judgment Act because issues of fact exist which precluded summary judgment.

■■■ The Texas Uniform Declaratory Judgment Act provides:

(a) A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

Tex. Civ. Prac. & Rem.Code Ann. § 37.004(a) (Vernon Supp.1999). In order for a court to rule on a matter under the Act, there must be a "justiciable, actual, real controversy, and a protectable right, not a . . . speculative right." *Lane v. Baxter Healthcare Corp.*, 905 S.W.2d 39, 41 (Tex. App.—Houston [1st Dist.] 1995, no writ). The purpose of the Act is to declare existing rights. *See Republic Ins. Co. v. Davis*, 856 S.W.2d 158, 164 (Tex.1993). "The statute cannot be invoked as an affirmative ground of recovery to revise or alter such rights or legal relations." *Id.*

In *Emmco Insurance Co. v. Burrows*, 419 S.W.2d 665 (Tex.Civ.App.—Tyler 1967, no writ), the plaintiff brought suit against his insurance company to recover damages to replace his truck after it was damaged in an accident. *See id.* at 667. The plaintiff additionally sought a declaratory judgment to suspend interest payments due on

the truck's note while the litigation was still pending, arguing that "equities involved demand that the installment payments ... be suspended during the time plaintiff is deprived of his truck-tractor." *Id.* at 670. The court disagreed and emphasized that the Act

> cannot be invoked as an affirmative ground of recovery to revise, alter, or reform such rights, status or legal relations.... [T]he purpose of declaratory relief is to obtain an interpretation of the contract, and a decree in such a case may provide only for a determination of the purposes intended by the instrument, and *not a modification of its terms.*

*Id.* at 670–71 (citation omitted). As we noted earlier, Jackson has not established the existence of any protectible right to a "correct" salary. Just as the plaintiff in *Emmco,* Jackson is not seeking a declaration of her rights under her previous contracts with HISD; rather, she is seeking a *modification* of their terms. In essence, she is asking this Court to revise, alter, or reform the salary she received under her previous contracts with HISD. This we cannot do. We consequently overrule Jackson's second point of error.

 In her final point of error, Jackson contends the trial court erred in "granting" summary judgment in favor of HISD on its counterclaim. She argues the trial court erred in awarding HISD its costs under TEX. EDUC.CODE ANN. § 11.161 (Vernon Supp.1999).

 Texas Rule of Civil Procedure 131 states "[t]he successful party to a suit shall recover of his adversary *all costs incurred therein,* except where otherwise provided." In *Newsome v. Charter Bank Colonial,* 940 S.W.2d 157 (Tex.App.—Houston [14th Dist.] 1996, writ denied), we held that Rule 131 "requires that the successful party to a suit recover costs from the adverse party, unless the trial court finds good cause to

adjudge the costs otherwise and states its reasons on the record pursuant to Rule 141." *Id.* at 168.[5] The allocation of costs is within the trial court's discretion and cannot be overturned absent a showing of cause.

In the instant case, the trial court dismissed Jackson's entire lawsuit on summary judgment. It is therefore clear that HISD was the successful party in the lawsuit, and was consequently entitled to recover all of its costs under TEX.R. CIV. P. 131. Jackson's third point of error is overruled.

We affirm the judgment of the trial court.

---

5. "A 'successful party' is one who obtains a judgment of a competent court vindicating a civil claim of right." *Operation Rescue–Nat'l*

v. *Planned Parenthood, Inc.,* 937 S.W.2d 60, 86 (Tex.App.—Houston [14th Dist.] 1996), *aff'd as modified,* 975 S.W.2d 546 (Tex.1998).