In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-008 CV


____________________



DAN THOMAS, Appellant



V.



GREGORY RIPPER, Appellee






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. 18176






OPINION


 Dan Thomas, a TDCJ-ID inmate, sued Gregory Ripper, a correctional officer,
under 42 U.S.C.A. § 1983 (West Supp. 2002), alleging violations of his federal and state
constitutional rights, and seeking injunctive relief, expungement of his prison disciplinary
case and damages. Ripper filed a no-evidence motion for summary judgment. See Tex.
R. Civ. P. 166a(i). Thomas filed a response to Ripper's motion, which contained legal
argument, but no summary judgment evidence. (1) The trial court granted Ripper's motion
and Thomas has appealed. 

 On appeal, Thomas contends the trial court erred in granting Ripper's motion. 
After adequate time for discovery, a summary judgment may be granted when there is no
evidence of one or more essential elements of a claim or defense on which the nonmovant
would have the burden of proof. See Tex. R. Civ. P. 166a(i). The motion must state the
element as to which there is no evidence. The court must grant the motion unless
nonmovant produces summary judgment evidence raising a genuine issue of material fact. 
See Marsaglia v. University of Texas, El Paso, 22 S.W.3d 1, 3-4 (Tex. App.--El Paso
1999, pet. denied). 

 In his original petition, Thomas alleges that he was "harass[ed]," "verbal[ly]
abuse[d]," "falsely accuse[d]" of threatening, "verbal[ly] threatened," and, further, that
Ripper initiated a fabricated disciplinary proceeding against him, all allegedly because he
had filed suit against Ripper. He seeks a declaratory judgment that Ripper violated his
constitutional rights, injunctive relief against further reprisals, harassment or retaliation,
and expungement of his disciplinary proceeding, and damages and punitive damages from
Ripper. In his pro se brief, Thomas states that "As a result of this fabricated disciplinary
case, appellant suffered harm by being denied promotion, for parole, and placed in close
custody from medium custody, which cause him great emotional distress." 

 In his motion, Ripper contended that: 1) collateral attacks on prisoner disciplinary
proceedings cannot sustain actions under 42 U.S.C.A. § 1983; 2) verbal threats do not
amount to a constitutional violation; 3) plaintiff did not show the required physical harm
in order to seek mental distress damages; and 4) Ripper is entitled to qualified immunity. 

 Thomas makes no claim of physical abuse or physical injuries. In Bender v.
Brumley, 1 F.3d 271 (5th Cir. 1993), the Fifth Circuit held that mere allegations of verbal
abuse by prison guards do not present actionable claims under 42 U.S.C.A. § 1983. See
Bender, 1 F.3d at 274 n. 4. In Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997), Bender
was cited in support of the dismissal of a prisoner civil rights suit on the ground that
allegations of mere verbal abuse did not state a claim. Siglar, 112 F.3d at 193. The Siglar
court also cited a section of the Prisoner Litigation Reform Act, (2)
 which states:

 No Federal civil action may be brought by a prisoner confined in a jail,
prison, or other correctional facility, for mental or emotional injury suffered
while in custody without a prior showing of physical injury. 


42 U.S.C.A. § 1997e(e) (West Supp. 2002). The "physical injury" required to support
a claim for mental or emotional suffering "must be more than de minimus but need not be
significant." Siglar, 112 F.3d at 193. Thomas has neither alleged nor provided summary
judgment proof of any physical injury. We hold Thomas's allegations of mental anguish
from verbal abuse do not state a cause of action against a correctional officer under either
federal or state law. 

 Further, Thomas's claim regarding the allegedly false disciplinary proceeding does
not state a cognizable claim. His claim -- that the complaints by Ripper which prompted
the disciplinary proceedings were false -- would necessarily constitute a collateral attack
on the prison's disciplinary determination. In Edwards v. Balisok, 520 U.S. 641, 648, 
117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), the Supreme Court ruled that a prisoner's claims
for monetary damages, which challenged the procedures used to deprive him of good time
credit and would necessarily imply the invalidity of the punishment imposed, were not
cognizable under section 1983. Edwards, 520 U.S. at 648. Edwards followed the
reasoning of the Court in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d
383 (1994), which held that in order to recover damages for an allegedly unconstitutional
conviction or imprisonment or for other harm caused by actions whose unlawfulness would
render a conviction and sentence invalid, a section 1983 plaintiff must prove that the
conviction has, in some manner, been set aside. Heck, 512 U.S. at 486-87. We hold that
Thomas's claim is an impermissible collateral attack on the disciplinary proceeding, and 
is not cognizable under federal law or state law.

 Furthermore, insofar as Thomas seeks relief in the form of monetary damages for
alleged violations of the Texas Constitution, he has no cognizable claim because Texas law
has recognized no right of action for damages for violation of the state constitution
comparable to the right provided by 42 U.S.C.A. § 1983 for violation of the United States
Constitution. In City of Beaumont v. Bouillion, 896 S.W.2d 143 (Tex. 1995), the Texas
Supreme Court held there is no implied private right of action for damages arising under
the free speech and free assembly clauses of the Texas Constitution. Id. at 147. Other
courts have extended this holding to other provisions of the state constitution. See Texas
A & M Univ. Sys. v. Luxemburg, No. 14-00-00105-CV, 2002 Tex. App. LEXIS 7058, at
*31-32 (Tex. App.--Houston [14th Dist.] Oct. 3, 2002, no pet. h.)(not yet released for
publication); Securtec, Inc. v. County of Gregg, No. 06-01-00164-CV, 2002 Tex. App.
LEXIS 5991 at **21-22 (Tex. App.--Texarkana Aug. 20, 2002, no pet.)(not yet released
for publication); Haynes v. City of Beaumont, 35 S.W.3d 166, 182 (Tex.App.--Texarkana
2000, no pet.); and Jackson v. Houston Indep. Sch. Dist., 994 S.W.2d 396, 400-01 (Tex.
App.--Houston [14th Dist.] 1999, no pet.).

 Thomas also seeks a declaratory judgment that the actions of Ripper violated his
rights under the Texas Constitution. However, the declarations sought are nothing more
than an attempt to support his damage claim for alleged state constitutional violations;
declaratory relief is not appropriate. See Texas A & M Univ. 2002 Tex. App. LEXIS 7058
at *30-31. Insofar as Thomas seeks injunctive relief, the petition does not state that
Ripper's alleged actions are of a continuing nature, a requisite for injunctive relief. 

 No genuine issue of material fact has been raised. Ripper was entitled to judgment
as a matter of law. Because plaintiff has stated no cause of action, we need not address
the defense of qualified immunity. The judgment is affirmed.

 AFFIRMED.

 PER CURIAM


Opinion Submitted October 8, 2002

Delivered on November 21, 2002

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, J.J.
1. The response to the motion, as contained in the record, indicates on its face, that
the affidavit of Dan Thomas is included. However, the copy of the response contained in
the record does not include any affidavit. In his pro se brief, Thomas includes an
"Appendix," which contains a copy of his response, and included with that copy, an
"affidavit," which is a written statement, alleged to be within Thomas's personal
knowledge, and under penalty of perjury, but not notarized. This "affidavit" states only
that Ripper falsely accused Thomas of threatening him (Ripper) to cover up Ripper's
harassment of him, and in retaliation for Thomas having previously sued him. A document
not in the record should not be considered on appeal. See, e.g., Yarbrough v. State, 57
S.W.3d 611, 615-16 (Tex. App.--Texarkana 2001, pet. ref'd) (unless related to the court's
jurisdiction, the appellate court may not consider affidavits merely attached to the brief and
not included in the appellate record). 
2. This law became effective April 26, 1996. Martin v. Hadix, 527 U.S. 343, 350,
119 S.Ct. 1998, 144 L.Ed.2d 347 (1999).