**United States Court of Appeals
Fifth Circuit**

**F I L E D**

**May 20, 2003**

**Charles R. Fulbruge III
Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-10988
Summary Calendar

MICHAEL R. CAMPBELL,

Plaintiff-Appellant,

versus

CITY OF FORT WORTH,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CV-615-A
--------------------

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Fort Worth Police Officer Michael Campbell appeals from the grant of summary judgment for the City of Fort Worth in his civil action, an action that was removed to the federal district court by the City and previously dismissed defendant Chief Ralph Mendoza. A hearing examiner in Officer Campbell's case affirmed Chief Mendoza's decision to suspend Officer Campbell indefinitely. Finding no error, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Officer Campbell contends that he did not waive his right to seek judicial review by proceeding before the hearing examiner. He argues that his breach-of-contract claim was not before the hearing examiner and that, to the extent the hearing officer purported to rule on the contract claim, the hearing officer exceeded his jurisdiction. He also argues that the district court erred by failing to strike Chief Mendoza's affidavit; that the district court erred by holding that he had failed to articulate any facts to support his fraud claim; that the defendants were not forthcoming in the discovery process; that the district court misinterpreted a portion of the hearing examiner's opinion regarding mitigating circumstances; that there is a factual question regarding whether the June 12, 2000, settlement agreement was intended to cover Officer Campbell's activities during the suspension period; and that the district court erred by holding that his due process rights were not violated by the prohibition on work during the suspension period.

"[W]here a state court lacks jurisdiction of the subject matter or of the parties, the federal District Court acquires none on a removal of the case." *Freeman v. Bee Machine Co.*, 319 U.S. 448, 449 (1943). Under Texas law, a disciplined police officer may appeal to an independent hearing examiner, but by doing so the officer waives all rights to proceed to state court, except "on the grounds that the [hearing examiner] was without jurisdiction or exceeded [his] jurisdiction or that the order was procured by

fraud, collusion, or other unlawful means." TEX. LOC. GOV'T CODE ANN. § 143.057(c),(j)(Vernon 1999). We address only the merits of Officer Campbell's federal constitutional claim. *See Jackson v. Houston Indep. Sch. Dist.*, 994 S.W.2d 396, 401 (Tex. Ct. App. 1999) (federal constitutional claims need not be exhausted administratively). Moreover, regardless whether Officer Campbell failed to exhaust his state-law breach-of-contract claim before the hearing examiner in his case or whether the hearing officer rules on the claim, we have no jurisdiction over it.

The Due Process Clause protects the right to work for a living. *Phillips v. Vandygriff*, 711 F.2d 1217, 1222 (5th Cir. 1983). Officer Campbell was prohibited from working off-duty during his suspension. However, Officer Campbell remained a police officer during that period, albeit one under suspension. Because Officer Campbell was employed, the relevant question is not whether he was deprived of his right to work at the Jesse Jackson School, but whether the prohibition on off-duty work by a suspended police officer infringed on any interest protected by the Due Process Clause.

"A property interest in employment can . . . be created by ordinance, or by an implied contract. In either case, however, the sufficiency of the claim of entitlement must be decided by reference to state law." *Bishop v. Wood*, 426 U.S. 341, 344 (1976). Chief Mendoza swore that the Police Department's General Orders prohibited officers on limited duty status from working approved

off-duty employment and that he directly ordered Officer Campbell not to work during his suspension. Officer Campbell testified during a deposition that he believed the General Orders prohibited only work as a commissioned, uniformed Fort Worth Police Officer and that they were illegal to the extent that they prohibited him from working as a civilian.

Chief Mendoza showed that there was no state-law entitlement for a suspended police officer to work while suspended. Quite the contrary -- Officer Campbell was barred from working while suspended.

Officer Campbell's fraud claim involves the agreement underlying his breach-of-contract claim; it does not involve the use of fraud to obtain the hearing examiner's opinion. Officer Campbell has not otherwise shown that the jurisdictional bar of TEX. LOC. GOV'T CODE ANN. § 143.057(j) (Vernon 1999) does not apply to the nonconstitutional issues in his case.

AFFIRMED.