ACCEPTED
15-24-00007-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
12/13/2024 5:58 PM
CHRISTOPHER A. PRINE
CLERK

# No. 15-24-00007-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
12/13/2024 5:58:29 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE FIFTEENTH COURT OF APPEALS OF TEXAS

Michael Morath, in his Official Capacity as Texas Commissioner of Education

*Appellant*

v.

Kingsville Independent School District, et al.

*Plaintiff-Appellee School Districts*

*and*

Pflugerville Independent School District, et al.

*Intervenor-Appellee School Districts*

_____

On Appeal from the 419th District Court of Travis County

_____

## Appellee School Districts' Joint Brief Regarding Jurisdiction

_____

TO THE HONORABLE COURT:

The Appellee School Districts respectfully submit this supplemental brief requested by the Court on the issue of whether Section 39.151 of the Education Code deprives the trial court of jurisdiction.

Appellees recognize that jurisdictional issues may be raised for the first

time on appeal. *See, e.g.*, *Oncor Elec. Delivery Co. LLC v. Chaparral Energy, LLC*, 546 S.W.3d 133, 138 (Tex. 2018). But it is telling that the Commissioner, who has been ably represented by experienced legal counsel throughout this case, has never argued that Section 39.151 deprives the courts of jurisdiction in this case. There are at least six reasons why such an argument lacks merit and cannot be adopted by this Court.

*First*, the exhaustion of administrative remedies doctrine does not apply to *ultra vires* claims. *Lazarides v. Farris*, 367 S.W.3d 788, 798 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *see also City of Houston v. Williams*, 99 S.W.3d 709, 717 (Tex. App.–Houston [14th Dist.] 2003, no pet.) (explaining the related principle that exhaustion of administrative remedies is also not required when an agency attempts to exercise authority beyond its statutorily conferred powers); *Jackson v. Houston Indep. Sch. Dist.*, 994 S.W.2d 396, 401 (Tex. App.—Houston [14th Dist.] 1999, no writ) (same).; *Jones v. Dallas Indep. Sch. Dist.*, 872 S.W.2d 294, 296 (Tex. App.—Dallas 1994, writ denied) (same). That makes sense because properly understood, *ultra vires* claims are not exceptions to immunity; "rather, when a governmental officer is sued for allegedly *ultra vires* acts, governmental immunity does not apply from the outset." *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 158 n.1 (Tex. 2016). Here, Appellees have alleged *ultra vires* claims. The

Legislature could have written a single statute that said, "The Commissioner may assign A-F Ratings whenever and however he would like to do so." The Legislature did not create that scenario for unfettered bureaucratic discretion in the A-F ratings process. (In other words, the Legislature did not declare Calvinball "rules" for such an important process.) Instead, the Legislature adopted a detailed A-F ratings process that requires the Commissioner to implement the accountability system by adopting rules in a manner that provides a transparent, effective, and fair system. *See* Tex. Educ. Code §§ 39.001–39.408.

**Second,** exhaustion of administrative remedies is not required when the case is "controlled by pure questions of law." *Clint Ind. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 545–46 (Tex. 2016). If there were fact questions in this case regarding the temporary injunction or plea to the jurisdiction, the Court would be required to defer to the trial court's resolution of any conflicting evidence, *see Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002), and "indulge every reasonable inference and resolve any doubts in" favor of the school districts. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 229 (Tex. 2004). But in this case, the Commissioner has not disputed any of the evidence. The issues in this case present pure questions of law that can be decided based on the undisputed evidence in the record.

***Third***, even if the exhaustion doctrine did apply, the text of the statute forecloses any exhaustion of administrative remedies argument. Section 39.151 provides no avenue to challenge the Commissioner's actions in this case. Section 39.151(a) states that the Commissioner "***by rule*** shall provide a process for a school district or open-enrollment charter school to challenge an agency decision made under this chapter relating to an academic or financial accountability rating that affects the district or school, including a determination of consecutive school years of unacceptable performance ratings." Tex. Educ. Code § 39.151(a) (emphasis added). Appellees are unaware of any rule the Commissioner adopted for the 2022–23 school year that provided any process for them to challenge the Commissioner's actions described in the pleadings in this case. The Commissioner has not identified any such rule.

***Fourth***, even if the exhaustion doctrine applied and the Commissioner had adopted rules, the rules would not have allowed school districts to challenge the Commissioner's *ultra vires* actions. At the time of the hearing no accountability rules for the 2022–23 school year had been adopted. However, the Commissioner had published *proposed* rules, which were later adopted, and those rules do not provide an administrative appeal that would have allowed school districts to challenge the Commissioner's adoption or

4

implementation of the accountability system. 3 RR 1023 (Intervenors' Exh. 16). The proposed 2023 Accountability Manual (Plaintiffs' Exhibit 7), which had not been adopted at the time of the underlying hearing, contemplated an appeals process that would not have allowed school districts to challenge the Commissioner's *ultra vires* actions. Indeed, the proposed rules state that "a successful accountability appeal is usually limited to such rare cases as a data or calculation error attributable to the testing contractor(s), a regional education service center (ESC), or the Texas Education Agency (TEA). 3 RR 252 (P7, 000244). The proposed manual further states that "[t]he basis for appeals should be a data or calculation error attributable to TEA, an ESC, or the testing contractor(s)." 3 RR 253 (P7, 000245).[1]

*Fifth*, even if the exhaustion doctrine applied and the Commissioner had adopted rules that would have allowed school districts to raise the issues in this lawsuit in that administrative appeal, exhaustion would not be required

---

[1] Indeed, at oral argument, the Commissioner, consistent with these past representations, stated that the appeals process under his rules is "usually sort of a mathematical" and is "not usually a constitutional challenge or anything like that." The Commissioner further explained that it "is a process that districts can go through if they think that something had been incorrectly done with their ratings." It is not a process that would allow school districts to challenge whether the Commissioner had acted *ultra vires* in his adoption and implementation of rules (or his failure to adopt and implement rules) regarding the accountability system.

because the administrative appeal would cause irreparable injury. *See Jackson v. Houston Indep. Sch. Dist.*, 994 S.W.2d 396, 401 (Tex. App.—Houston [14th Dist.] 1999, no writ) (holding that exhaustion is not required when there is a threatened irreparable injury); *Jones v. Dallas Indep. Sch. Dist.*, 872 S.W.2d 294, 296 (Tex. App.—Dallas 1994, writ denied) (same). Under the Commissioner's proposed rules for an appeal, which were adopted after the hearing, an appeal could not be filed until after the irreparable injury occurred, i.e., after the Commissioner had already assigned ratings and released them to the public. 3 RR 252 (P7, 000244) ("No appeals will be resolved before the public release of ratings.") For the reasons discussed in the parties' briefing, the temporary injunction temporarily prevents the irreparable injury that would occur by allowing the Commissioner to unlawfully assign 2023 ratings, and the permanent injunction the parties are seeking would permanently prevent that irreparable injury. In other words, the appeals process cannot be invoked unless and until the Commissioner assigns and publishes accountability ratings—the very thing that would be an *ultra vires* act that imposes irreparable injury.

**Sixth**, even if the exhaustion doctrine applied *and* the Commissioner had adopted rules that would have allowed for a meaningful appeal *and* there were not irreparable injury issue, the Court would be required to remand this

6

case to allow the school districts to assert the futility exception to the exhaustion doctrine. *See, e.g.*, *Jabary v. City of Allen*, No. 05-12-01608-CV, 2014 WL 3051315, at *1 (Tex. App. July 3, 2014) (mem. op.) ("A party may forgo the administrative determination, however, if an exception, such as futility, is established.") (citing *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 929 (Tex.1998)). Remand would be required because if the exhaustion defense is raised for the first time in on appeal, the school districts would be entitled to limited jurisdictional discovery on the futility exception. *Hearts Bluff Game Rance, Inc. v. State*, 381 S.W.3d 468, 491 (Tex. 2012) (quoting *Miranda*, 133 S.W.3d at 233) (explaining that a court should allow a "reasonable opportunity for targeted discovery" if it is necessary regarding jurisdictional issues); *see also Jabary*, 2014 WL 3051315 at *3 (explaining that evidence was necessary to determine whether exhaustion of administrative remedies would have been futile).

## CONCLUSION & PRAYER

The Commissioner has never argued that Section 39.151 of the Education Code deprives the trial court of jurisdiction under the exhaustion of administrative remedies doctrine because it does not. Accordingly, for the reasons discussed above and in their briefing, Plaintiff and Intervenor Appellee School Districts respectfully request the Court affirm the trial court's temporary injunction order and the order denying Appellant's plea to the jurisdiction.

In the alternative, if the Court determines that the exhaustion of administrative remedies doctrine is potentially applicable in this case, Appellees respectfully request the Court remand this case to allow for limited jurisdictional discovery on the futility exception.

Respectfully submitted,

| | |
|---|---|
| */s/ David J. Campbell* | */s/ J. David Thompson* |

DAVID J. CAMPBELL
dcampbell@808west.com
State Bar No. 24057033
KEVIN O'HANLON
kohanlon@808west.com
State Bar No. 15235500
BENJAMIN CASTILLO
bcastillo@808west.com
State Bar No. 24077194
NICK MADDOX
nmaddox@808west.com
State Bar No. 24092739
**O'HANLON, DEMERATH & CASTILLO**
808 West Ave.
Austin, Texas 78701
(512) 494-9949
(512) 494-9919 (fax)

*Counsel for Plaintiff*
*School Districts Appellees*

J. DAVID THOMPSON
dthompson@thompsonhorton.com
State Bar No. 19950600
CHRISTOPHER B. GILBERT
cgilbert@thompsonhorton.com
State Bar No. 00787535
**THOMPSON & HORTON LLP**
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas 77027
713-554-6767 Telephone
713-583-9611 Facsimile

CARLOS G. LOPEZ
clopez@thompsonhorton.com
State Bar No. 12562953
KATHRYN E. LONG
klong@thompsonhorton.com
State Bar No. 24041679
**THOMPSON & HORTON LLP**
500 North Akard Street, Suite 3150
Dallas, Texas 75201
972-853-5115 Telephone
972-692-8334 Facsimile

*Counsel for Intervenor*
*School District Appellees*

9

**CERTIFICATE OF SERVICE**

Pursuant to Tex. R. App. P. 9.5(e), an automated certificate of service will be generated when this document is e-filed.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kathryn French on behalf of David Campbell
Bar No. 24057033
kfrench@808west.com
Envelope ID: 95319753
Filing Code Description: Other Brief
Filing Description: Appellee School District's Supp Briefing
Status as of 12/16/2024 8:04 AM CST

Associated Case Party: Office of the Texas Attorney General

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Beth Klusmann | | beth.klusmann@oag.texas.gov | 12/13/2024 5:58:29 PM | SENT |

Associated Case Party: Kingsville ISD, et al.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kevin OHanlon | | kohanlon@808west.com | 12/13/2024 5:58:29 PM | SENT |
| David Campbell | | dcampbell@808west.com | 12/13/2024 5:58:29 PM | SENT |
| Nick Maddox | | nmaddox@808west.com | 12/13/2024 5:58:29 PM | SENT |
| Lea Ohrstrom | | lohrstrom@808west.com | 12/13/2024 5:58:29 PM | SENT |
| Benjamin Castillo | | bcastillo@808west.com | 12/13/2024 5:58:29 PM | SENT |
| Kathryn French | | kfrench@808west.com | 12/13/2024 5:58:29 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kristy Alonzo | | kalonzo@thompsonhorton.com | 12/13/2024 5:58:29 PM | SENT |
| Nancy Villarreal | | nancy.villarreal@oag.texas.gov | 12/13/2024 5:58:29 PM | SENT |
| David Thompson | | dthompson@thompsonhorton.com | 12/13/2024 5:58:29 PM | SENT |
| David J.Campbell | | dcampbell@808west.com | 12/13/2024 5:58:29 PM | SENT |
| Christopher Gilbert | | cgilbert@thompsonhorton.com | 12/13/2024 5:58:29 PM | SENT |
| Carlos Lopez | | clopez@thompsonhorton.com | 12/13/2024 5:58:29 PM | SENT |