# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11054
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
July 22, 2014

Lyle W. Cayce
Clerk

JOHN ALAN CONROY,

Plaintiff-Appellant

v.

JIM RIDER; DON WILLIAMS; UNIDENTIFIED TEXAS RANGER,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:13-CV-149

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

John Alan Conroy, federal prisoner # 42054-177, appeals the dismissal of this 42 U.S.C. § 1983 action, which was filed in August 2013. The district court dismissed the action as time barred and as frivolous. Because the district court cited both 28 U.S.C. § 1915 and 28 U.S.C. § 1915A as authority for its dismissal, our review is de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11054

According to Conroy, the defendants violated his constitutional rights at the time of his arrest in July 2010. He contends that he did not learn of the legal basis for this § 1983 action until November 2011, when his trial attorney provided him with information obtained during the course of discovery. Thus Conroy asserts, he was not required to bring this suit until November 2013. He does not contend that he was ignorant of the facts of his claim when they occurred.

The two-year statute of limitations established by Texas law governs this action. *See Wallace v. Kato*, 549 U.S. 384, 387-88 (2007); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006). However, federal law determines the time at which the cause of action accrued. *See Wallace*, 549 U.S. at 388. Under federal law, the limitations period in a § 1983 action begins to run when "the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted); *see also Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). A plaintiff need not be aware that a legal cause of action exists; he need only know the facts that would support a claim. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

Conroy's cause of action accrued at the time the alleged violations occurred in July 2010. The limitations period therefore expired in July 2012, over a year before Conroy filed this suit. Precedent forecloses Conroy's argument that his cause of action did not accrue until his attorney provided him information in November 2011 and he knew that he had a legal basis for suit. *See Wallace*, 549 U.S. at 388; *Piotrowski*, 237 F.3d at 576; *Piotrowski*, 51 F.3d at 516. This appeal thus "relies on an indisputably meritless legal theory," lacks any arguable basis, and is frivolous. *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). We therefore dismiss it. *See* 5TH CIR. R. 42.2.

No. 13-11054

The district court's dismissal of Conroy's complaint and our dismissal of this appeal as frivolous each counts as a strike under § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Conroy is cautioned that if he receives a third strike under § 1915(g) he will not be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.