# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00081-CV

**John Alan Conroy, Appellant**

**v.**

**Steven C. McCraw, Director, Texas Department of Public Safety, Appellee**

### FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-20-005171, THE HONORABLE MAYA GUERRA GAMBLE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant John Alan Conroy challenges the trial court's finding that he is a vexatious litigant and its issuance of a prefiling order prohibiting Conroy from filing "in forma pauperis" any new litigation without first obtaining permission from a local administrative judge. *See* Tex. Civ. Prac. & Rem. Code § 11.101. For the following reasons, we modify the prefiling order to substitute "pro se" for "in forma pauperis," and we affirm the order as modified.

## BACKGROUND

On July 3, 2010, John Alan Conroy was arrested by state law enforcement officers, and his person and trailer were searched, leading to the seizure of a laptop and other electronic devices and media. Conroy was subsequently arrested several weeks later pursuant to a federal arrest warrant "based on evidence discovered by the state officials in the search of [his] house and travel trailer." *Conroy v. Henry*, No. 16-CV-750-JPG, 2017 WL 1346636, at *1 (S.D.

Ill. Apr. 12, 2017). He pleaded guilty to production of child pornography and receiving a visual depiction of a minor engaging in sexually explicit conduct, *see id.* (citing 18 U.S.C. §§ 2251(a), 2252(a)(2)), and he was sentenced to 405 months' imprisonment.

Conroy filed the present lawsuit on September 15, 2020, alleging that the Texas Department of Public Safety has never returned various pieces of personal property (e.g., family photographs, work materials, book research materials, and financial records) seized during the 2010 search and asserting a conversion cause of action against appellee Steven McCraw in his official capacity as director of the Department (the "State"). On May 14, 2021, the State moved to have the trial court declare Conroy a vexatious litigant and to issue a prefiling order. After a hearing, the trial court entered an order on January 10, 2022, finding Conroy a vexatious litigant; ordering Conroy to furnish $100.00 in security by April 1, 2022, to proceed in the present case; and issuing a prefiling order prohibiting Conroy from "filing, in forma pauperis, any new litigation in a court of this State without first obtaining permission from a local administrative judge." *See* Tex. Civ. Prac. & Rem. Code §§ 11.054, 11.101(a). This timely appeal followed.[1] *See id.* § 11.101(c) (authorizing appeal from prefiling order designating person vexatious litigant).

## STANDARD OF REVIEW

The vexatious litigant statute allows a court to enter an order "prohibiting a person from filing, pro se, a new litigation in a court to which the order applies" without first receiving permission from the local administrative judge. *See* Tex. Civ. Prac. & Rem. Code § 11.101(a). The statute and its corresponding designation on a party are aimed at restricting

---

[1] After appealing the ruling, Conroy filed a motion to clarify the vexatious litigant order, which was denied by the trial court.

"frivolous and vexatious litigation" and protecting defendants "from those who abuse our civil justice system." *Serafine v. Crump*, 665 S.W.3d 93, 105 (Tex. App.—Austin 2023, pet. filed) (quoting *Leonard v. Abbott*, 171 S.W.3d 451, 455, 457 (Tex. App.—Austin 2005, pet. denied)).

For a plaintiff to be designated as a vexatious litigant, a trial court must find (1) "that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant" and, among several options, (2) that the plaintiff, within the seven-year period immediately preceding the date of defendant's vexatious litigant motion, has "commenced, prosecuted, or maintained at least five litigations as a pro se litigant other than in a small claims court" that have either been finally determined adversely to plaintiff, remained pending for at least two years without being brought to trial or hearing, or determined to be frivolous or groundless. Tex. Civ. Prac. & Rem. Code § 11.054(1). The defendant bears the burden of showing those elements. *Id.*

We review the trial court's determination that a plaintiff is a vexatious litigant under the abuse of discretion standard. *Serafine*, 665 S.W.3d at 105. A trial court abuses its discretion when it rules "arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence." *Id.*

## DISCUSSION

Liberally construing Conroy's briefing, he raises six issues on appeal relating to the determination that he is a vexatious litigant.[2] Conroy first raises three procedural and

---

[2] For purposes of our analysis, we have liberally construed Conroy's briefing, as well as consolidated and renumbered his issues for clarity. *See Canada v. State*, 547 S.W.3d 4, 10 (Tex. App.—Austin 2017, no pet.) (explaining that courts of appeals "construe pro se pleadings and briefs liberally").

3

evidentiary issues, arguing that he did not receive "fair notice" of the vexatious litigant statute, that certain witnesses did not testify at the vexatious litigant hearing, and that the trial court did not issue findings of fact and conclusions of law supporting its prefiling order. Conroy then, through two additional issues, challenges each of the statutory predicate findings necessary for the vexatious litigant determination. Finally, Conroy challenges the language of the prefiling order. We address each in turn.

*Procedural and evidentiary issues*

In his first issue, Conroy contends that he is entitled to "fair notice" of the vexatious litigant statute before he could be "punished" by being designated as a vexatious litigant. Contrary to Conroy's suggestion, the record demonstrates that he received notice and participated in a hearing before being designated as a vexatious litigant, as required under the statute. *See* Tex. Civ. Prac. & Rem. Code § 11.101(a) (authorizing trial court to enter vexatious litigant order only "after notice and hearing").[3] Further, the federal court decisions referenced by Conroy in his briefing are not applicable here because those decisions specifically address due process requirements before an inmate may be punished for violating *prison policies*. *See, e.g.*, *Reeves v. Pettcox*, 19 F.3d 1060, 1061 (5th Cir. 1994) (providing that "it is a violation of due process to punish inmates for acts which they could not have known were prohibited" under prison disciplinary rules); *Adams v. Gunnell*, 729 F.2d 362, 369 (5th Cir. 1984) (same); *Williams v. Nix*, 1 F.3d 712, 716 (8th Cir. 1993) (same). We overrule Conroy's first issue.

Conroy next argues that the State improperly blocked certain subpoenaed witnesses from testifying at the vexatious litigant hearing and failed to disclose an expert witness

---

[3] Insofar as we could construe Conroy's argument as challenging the vexatious litigant statute as unconstitutionally vague, such arguments have been previously rejected. *See, e.g.*, *Leonard v. Abbott*, 171 S.W.3d 451, 456 (Tex. App.—Austin 2005, pet. denied).

4

in its discovery responses. Courts of appeals have narrow interlocutory jurisdiction to consider only specific statutorily-listed rulings, which includes a vexatious litigant order. *See, e.g.*, Tex. Civ. Prac. & Rem. Code § 51.014 (Appeal from Interlocutory Order); *see also id.* § 11.101(c) (authorizing appeals from interlocutory vexatious litigant prefiling order). Conroy has failed to direct us to any interlocutory ruling on those evidentiary disputes, and even if the trial court had made such rulings, our jurisdiction to review vexatious litigant findings does not include evidentiary rulings not contained within the vexatious litigant order. *See, e.g.*, *Serafine*, 665 S.W.3d at 105 (explaining jurisdiction to consider interlocutory orders of vexatious litigant finding is "distinct from" rulings regarding "denials of testimony"). We overrule Conroy's second issue.

Conroy then argues that the trial court failed to expressly state the basis for the vexatious litigant finding, which we construe as challenging the trial court's failure to include findings of fact or conclusions of law as part of its prefiling order. "For interlocutory orders, '[t]he trial court need not file findings of fact and conclusions of law but may do so' within a certain time." *Id.* at 103 (quoting Tex. R. App. P. 28.1(c)). Because trial courts have discretion to enter findings of fact and conclusion of law for interlocutory appeals, a trial court does not abuse its discretion when it decides not to enter either in support of a vexatious litigant order. *See id.* We overrule Conroy's third issue.

*Vexatious litigant determination*

In his fourth and fifth issues, Conroy challenges the trial court' declaration that he is a vexatious litigant, arguing that the State has failed to show either that there was no "reasonable probability" that he would prevail in the present dispute or that he had brought five qualifying litigations in the past seven years. *See* Tex. Civ. Prac. & Rem. Code § 11.054(1).

5

For the "reasonable probability" element, we review the trial court's ruling for an abuse of discretion, *Serafine*, 665 S.W.3d at 107, and a trial court may decide the issue based on "any evidence material to the ground of the motion," including exhibits and testimony, *see* Tex. Civ. Prac. & Rem. Code § 11.053(b). The State contends that Conroy's claim has no reasonable probability of success because it is barred by the applicable statute of limitations and sovereign immunity.[4] Conroy, in contrast, argues that the statute of limitations was tolled and immunity does not apply to the relief he seeks in his suit.

In his pleading, Conroy asserts a claim for conversion of his personal property taken as part of the 2010 search. "To establish a claim for conversion of personal property, a plaintiff must allege and prove that: (1) the plaintiff owned or had legal possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property." *1st & Trinity Super Majority, LLC v. Milligan*, 657 S.W.3d 349, 370 (Tex. App.—El Paso 2022, no pet.). A conversion cause of action has a two-year statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a). "The statute of limitations begins to run when a claim accrues." *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 144 (Tex. 2019). Generally, that occurs at the time of the unlawful taking, but when the possession is initially lawful, accrual occurs "upon demand and refusal, or discovery of facts supporting the cause of action, whichever occurs first." *Burns*

---

[4] "[A] statutory prerequisite to suit, whether administrative (such as filing a charge of discrimination) or procedural (such as timely filing a lawsuit) is jurisdictional when the defendant is a governmental entity." *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 515 (Tex. 2012).

6

*v. Rochon*, 190 S.W.3d 263, 271 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (quoting *Hofland v. Elgin–Butler Brick Co.*, 834 S.W.2d 409, 414 (Tex. App.—Corpus Christi–Edinburg 1992, no writ)).

Here, the search and seizure of Conroy's property occurred on July 3, 2010, over ten years before he filed the present lawsuit. Even assuming that the trial court found accrual did not occur on that date because the State's possession was initially lawful, evidence in the record shows that Conroy believed there were facts demonstrating that the search and seizure was unlawful no later than November 2011. *See Conroy v. Rider*, 575 F. App'x 509 (5th Cir. 2014) (describing Conroy's contention that he did not learn legal basis for that § 1983 action, which asserted claim for unconstitutional search and seizure arising out of the 2010 search, until November 2011 "when his trial attorney provided him with information obtained during the course of discovery").

Conroy argues that he was prevented from bringing his lawsuit until January 21, 2020, because there were pending state criminal charges. However, Conroy has not cited any evidence showing, or binding legal authority, that he was prevented from pursuing his civil causes of action because of the pendency of any criminal charge. *See Carpenter v. Mau*, No. 03-13-00075-CV, 2015 WL 1967819, at *2 (Tex. App.—Austin Apr. 28, 2015, no pet.) (mem. op.) (rejecting argument that pending criminal appeal and writs prevented plaintiff from pursuing civil due course of law claim); *Palacios v. Ramos*, No. 04-04-00780-CV, 2006 WL 332537, at *3 (Tex. App.—San Antonio Feb. 15, 2006, no pet.) (mem. op.) (rejecting argument that pending criminal case tolled statute of limitations for civil defamation claim). Furthermore, evidence in the record shows that relevant criminal charges were dismissed on April 30, 2014, more than six years before he filed the present lawsuit. Accordingly, there is no "reasonable

probability" that Conroy will prevail in asserting time-barred claims[5] against the State. *See* Tex. Civ. Prac. & Rem. Code § 11.054(1). The trial court therefore did not abuse its discretion by finding that there was not a reasonable probability that Conroy would prevail in this suit.[6] We overrule his fourth issue.

Conroy next contends that the State has failed to show at least five qualifying litigations under the second element of the vexatious litigant statute. The defendant must show that the plaintiff has "commenced, prosecuted, or maintained at least five litigations as a pro se litigant other than in a small claims court" in the seven years immediately preceding defendant's vexatious litigant motion and that those litigations were either "finally determined adversely" against plaintiff, remained pending for at least two years, or were found to be "frivolous or groundless under state or federal laws or rules of procedure." *Id.* The State filed its motion on May 14, 2021, and therefore the trial court could have considered any litigation "commenced,

---

[5] Insofar as Conroy's pleadings could be read to assert a cause of action under 42 U.S.C. § 1983 or the Texas Constitution, those causes of actions would be similarly barred. *See Lilly v. Tex. Dep't of Crim. Just.*, 472 S.W.3d 411, 416–17 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (explaining that two-year statute of limitation applies to Section 1983 causes of action in Texas); *Williams v. Wachovia Mortg. Corp.*, 407 S.W.3d 391, 394–95 (Tex. App.—Dallas 2013, pet. denied) (stating that four-year statute of limitations applies when no express limitations period for relevant constitutional provision); *Jackson v. Houston Indep. Sch. Dist.*, 994 S.W.2d 396, 402 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (stating that two-year statute of limitations applies to certain state constitutional claims).

[6] We need not address the sovereign immunity argument because we have concluded that Conroy has no reasonable probability of success based on the statute of limitations argument. *See* Tex. R. App. P. 47.1.

8

prosecuted, or maintained" no earlier than May 14, 2014. *Id.* To that end, the State submitted evidence of six[7] litigations during that time period:

Exhibit B: On July 22, 2014, opinion and judgment of the U.S. Court of Appeals for the Fifth Circuit dismissed as frivolous a previous § 1983 action asserting causes of action for purported unconstitutional actions arising from his arrest, interrogation, and search.

Exhibit C: On June 11, 2015, order and judgment from the U.S. District Court for the Northern District of Texas dismissed as frivolous another § 1983 action for improper withholding of interrogation transcripts by certain officials.

Exhibit D: On April 12, 2017, order and judgment from the U.S. District Court for the Southern District of Illinois dismissed with prejudice a § 1983 and *Bivens* action, which included finding some of the claims frivolous.

Exhibit E: On April 29, 2019, opinion and judgment of the Seventh Court of Appeals for the State of Texas affirmed the trial court's granting of a Rule 91a motion to dismiss certain civil causes of action directed at numerous defendants.

Exhibit F: On April 4, 2019, judgment from the 118th District Court in Howard County dismissed with prejudice another state action.

Liberally construing his briefing, Conroy argues that those exhibits involve litigation brought against different defendants and different causes of action and therefore do not qualify. However, there is no requirement under subsection (1) that the multiple litigations involve the same parties or disputes. *See id.* Instead, that requirement only exists if defendants are relying on the alternative grounds under subsection (2), which was not argued below. *See id.* § 11.054(2) (concerning attempts by pro se plaintiff to "repeatedly relitigate[] or attempts to

---

[7] Exhibit E counts as two litigations for purposes of Section 11.054(1) because trial court and appellate proceedings constitute separate "litigations." *See Serafine v. Crump*, 665 S.W.3d 93, 115–16 (Tex. App.—Austin 2023, pet. filed).

relitigate" litigations against the "same defendant" or "the cause of action" determined in the previous litigation).

Conroy also contends that the litigation shown by Exhibit D is not "finally determined" because one of his claims there was *Heck*-barred and therefore the litigation was only dismissed without prejudice. *See Colvin v. LeBlanc*, 2 F.4th 494, 497 (5th Cir. 2021) (explaining that *Heck v. Humphrey* barred prisoners' § 1983 claims seeking monetary damages if success on those claims would "necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement" (quoting *Heck v. Humphrey*, 512 U.S. 477, 486 (1994))). However, litigations that are dismissed without prejudice are considered "finally determined" for purposes of the vexatious litigant statute. *See, e.g.*, *Copeland v. MIC Gen. Ins. Corp.*, No. 05-21-01009-CV, 2023 WL 2782719, at *3 (Tex. App.—Dallas Apr. 5, 2023, no pet.) (mem. op.) ("A dismissal, however, is an adverse determination for purposes of section 11.054(1)(A)."); *Daniels v. Balcones Woods Club, Inc.*, No. 03-05-00772-CV, 2009 WL 1423925, at *3 (Tex. App.—Austin May 19, 2009, no pet.) (mem. op.) (counting action dismissed without prejudice because "an order of dismissal that completely disposes of the case is a final and appealable judgment"). Even if we disregard Exhibit D, the record still contains evidence of five litigations in the seven years preceding the vexatious litigant motion that Conroy commenced, prosecuted, or maintained as a pro se litigant that were finally determined adversely to him. *See* Tex. Civ. Prac. & Rem. Code § 11.054(1). We overrule Conroy's fifth issue.

*Prefiling order language*

In his final issue, Conroy argues that the prefiling order incorrectly prohibits him from filing "in forma pauperis" without preapproval by a local administrative judge, which would only prevent him from filing litigation when indigent. After making a vexatious litigant

10

finding, a trial court may "enter an order prohibiting a person from filing, *pro se*, a new litigation in a court to which the order applies under this section without permission of the appropriate local administrative judge." *Id.* § 11.101(a) (emphasis added). Conroy is correct that "in forma pauperis" and "pro se" are two distinct, but often related, statuses. *See In Forma Pauperis*, Black's Law Dictionary (11th ed. 2019) ("In the manner of an indigent who is permitted to disregard filing fees and court costs."); *Pro Se*, Black's Law Dictionary (11th ed. 2019) ("For oneself; on one's own behalf; without a lawyer."). However, review of the record makes clear that the State expressly sought relief, and the trial court considered and granted relief, under Sections 11.101 and 11.054, and that the substitution of "in forma pauperis" for "pro se" in the prefiling order was an obvious clerical error.[8] We may modify orders to correct such clerical errors when we have the information to do so. *See Ajao v. Hall*, 654 S.W.3d 22, 28 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (modifying and affirming order as modified in interlocutory appeal); *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd) (explaining that appellate court can exercise its authority to "make the record speak the truth" even without request from party); *cf.* Tex. R. App. P. 43.2(b). We accordingly modify the pretrial order to substitute "pro se" for "in forma pauperis," conforming the pretrial order to Section 11.101(a).

---

[8] There were repeated discussions and evidence in the record that Conroy has also run afoul of the three-strikes rule in federal courts, which prohibits prisoners filing *in forma pauperis* after three or more prior meritless attempts. *See* 28 U.S.C. § 1915(g) (prohibiting prisoner in forma pauperis from bringing civil action or appeal in federal court if prisoner on three or more prior occasions has brought meritless actions); *Prescott v. UTMB Galveston Tex.*, 73 F. 4th 315, 321 (5th Cir. 2023) (explaining that prisoner in such situations may only pursue another action in federal court in forma pauperis if they are in "immediate danger of serious or physical injury").

**CONCLUSION**

For the above reasons, we modify the prefiling order to substitute "pro se" for "in forma pauperis," and we affirm as modified the trial court's order designating Conroy a vexatious litigant.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Smith

Affirmed as Modified

Filed:   August 22, 2023